M B-1

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ANTHONY KOLASKI, )
)
    Plaintiff, )
)
v. )
)
THOMAS J. DART, SHERIFF OF COOK )
COUNTY, in his official capacity, THE )
COOK COUNTY SHERIFF'S MERIT )
BOARD; and COUNTY OF COOK, )
ILLINOIS, as indemnitor )
)
    Defendants. )

# FILED

OCT 24 2022

**THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT**

**1:22-cv-05837
Judge Joan B. Gottschall
Magistrate Judge Jeffrey T. Gilbert
RANDOM**

## DEFENDANT'S NOTICE OF REMOVAL

THOMAS J. DART, Sheriff of Cook County, the Cook County Sheriff's Merit Board,

and Cook County of Illinois, ("Defendants"), by their attorney, Kimberly M. Foxx, Cook County

State's Attorney, and through Assistant State's Attorney Kathleen B. Coyle, file this Notice of

Removal pursuant to 28 U.S.C. Sections 1441 and 1446 of an action filed in the Circuit Court of

the Cook County, Illinois, County Department, Chancery Division, entitled *Anthony Kolaski v.*

*Thomas J. Dart, Sheriff of Cook County, and Cook County*. This matter is currently pending in

the Circuit Court of Cook County as Case No. 2022-CH-02349.

In support of this notice, Defendant states as follows:

1.    Plaintiff's First Amended Complaint seeks recovery under the Americans with

Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Illinois Human Rights Act, 775 ILCS 5/3-

102.1, claiming discrimination based on disability status and retaliation.

2.    Attached as Exhibit 1 to this Notice are true and correct copies of the docket

summary and the pleadings served upon Defendant in this matter currently pending in the Chancery Division of the Cook County Circuit Court.

3.     Attached as Exhibit 2 to this Notice is a true and correct copy of the Notice of Filing, which the undersigned will file in Cook County Circuit Court following the filing of the Notice of Removal in the United States District Court of the Northern District of Illinois.

4.     On October 21, 2022, the undersigned counsel contacted Plaintiff's counsel to inform him of the filing of the Notice of Removal. Plaintiff's counsel offered no grounds for objection.

WHEREFORE, Defendant prays that the civil actions Case No. 2022-CH-02349 be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By:    */s/ Kathleen B. Coyle*
Kathleen B. Coyle
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5153
kathleen.coyle@cookcountyil.gov

# EXHIBIT 1



| Case Information Summary for Case Number 2022-CH-02349 |
| --- |

Filing Date: 03/17/2022

Division: Chancery Division
Ad Damnum: $0.00

Case Type: Administrative Review
District: First Municipal
Calendar: 11

## Party Information

**Plaintiff(s)**
Kolaski, Anthony

**Attorney(s)**
PRO SE

**Defendant(s)**         **Defendant Date of Service**         **Attorney(s)**
Cook County, Illinois                                          COYLE, KATHLEEN
Dart, Thomas J.                                               COYLE, KATHLEEN
Cook County Sheriff's Meri                                    PRO SE

## Case Activity

Activity Date: 03/17/2022                                     Participant:

Administrative Review Complaint Filed

Activity Date: 03/17/2022                                     Participant:

Summons Issued And Returnable

Activity Date: 03/17/2022                                     Participant:

Summons Issued And Returnable

Activity Date: 03/17/2022                                     Participant:

Summons Issued And Returnable

Activity Date: 03/17/2022                                     Participant:

New Case Filing

Date: 07/15/2022

Court Time: 0930

Court Room: 2305

Activity Date: 04/07/2022                              Participant: Cook County Sheriff's Meri

Summons - Retd P.S.

Date: 04/07/2022

Activity Date: 04/18/2022                              Participant: Dart, Thomas J.

Summons - Retd P.S.

Date: 04/14/2022                         Attorney: COYLE, KATHLEEN

Activity Date: 04/26/2022                                        Participant:

Certificate Filed

Activity Date: 04/26/2022                                        Participant:

Notice Of Filing Filed

Activity Date: 04/26/2022                                        Participant:

Report Or Record Of Proceedings Filed

Activity Date: 04/26/2022                                        Participant:

Report Or Record Of Proceedings Filed

Activity Date: 07/15/2022                                        Participant:

Case Assigned to Zoom Hearing - Allowed

Date: 07/25/2022
Court Time: 0930
Court Room: 2305

Activity Date: 07/25/2022                              Participant: Kolaski, Anthony

Set Briefing Schedule - Allowed -

Judge: MCLEAN MEYERSON,
PAMELA

Activity Date: 08/23/2022                              Participant: Kolaski, Anthony

Exhibits Filed

Activity Date: 08/23/2022                              Participant: Kolaski, Anthony

Motion Filed

Activity Date: 08/24/2022                              Participant: Kolaski, Anthony

Case Set On Status Call

Judge: MCLEAN MEYERSON,
PAMELA

Activity Date: 08/24/2022                              Participant: Kolaski, Anthony

Answer/Reply/Response - Allowed

Activity Date: 08/24/2022                              Participant: Kolaski, Anthony

Agreed Order Entered

Judge: MCLEAN MEYERSON,
PAMELA

Activity Date: 08/24/2022                              Participant:

Courtesy Copies Required - Allowed

Activity Date: 09/20/2022                              Participant: Kolaski, Anthony

Exhibits Filed

Activity Date: 09/20/2022                              Participant: Kolaski, Anthony

Exhibits Filed

Activity Date: 09/20/2022                              Participant: Kolaski, Anthony

Exhibits Filed

Activity Date: 09/20/2022                              Participant: Kolaski, Anthony

Exhibits Filed

Activity Date: 09/20/2022                              Participant: Kolaski, Anthony

Exhibits Filed

Activity Date: 09/20/2022                              Participant: Kolaski, Anthony

Notice Of Motion Filed

Activity Date: 09/20/2022                              Participant: Kolaski, Anthony

Notice Of Motion Filed

Activity Date: 09/20/2022

Participant: Kolaski, Anthony

Motion Filed

Activity Date: 09/20/2022

Participant: Kolaski, Anthony

Motion Filed

Activity Date: 09/27/2022

Participant:

Appearance Filed - Fee Paid -

Activity Date: 09/27/2022

Participant:

Certificate Filed

Activity Date: 09/28/2022

Participant: Kolaski, Anthony

Continuance - Allowed -

Date: 11/04/2022
Court Time: 1015
Court Room: 2305

Judge: MCLEAN MEYERSON,
PAMELA

Activity Date: 09/28/2022

Participant: Kolaski, Anthony

Motion To - Allowed -

Judge: MCLEAN MEYERSON,
PAMELA

Activity Date: 09/30/2022

Participant:

Appearance Filed - No Fee Paid -

Activity Date: 10/03/2022

Participant: Kolaski, Anthony

Exhibits Filed

Activity Date: 10/03/2022

Participant: Kolaski, Anthony

Exhibits Filed

Activity Date: 10/03/2022

Participant: Kolaski, Anthony

Exhibits Filed

Activity Date: 10/03/2022

Participant: Kolaski, Anthony

https://courtlink.lexisnexis.com/cookcounty/FindDock.aspx?NCase=2022-CH-02349&SearchType=0&Database=3&case_no=&...

Exhibits Filed

Activity Date: 10/03/2022                           Participant: Kolaski, Anthony

Amended Complaint Filed

Back to Top

Please note: Neither the Circuit Court of Cook County nor the Clerk of the Circuit Court of Cook County warrants the accuracy, completeness, or the currency of this data. This data is not an official record of the Court or the Clerk and may not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data in our master database.



FILED
3/17/2022 12:01 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH02349
Calendar, 11
17127090

FILED DATE: 3/17/2022 12:01 PM   2022CH02349

2129 - Served
2229 - Not Served
2329 - Served by Mail
**Summons in Administrative Review**                    (03/16/21)  CCG 0600 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

### COUNTY DEPARTMENT ____FIRST____ DISTRICT

| | |
|---|---|
| Anthony Kolaski | Case No. 2022CH02349 |
| v. | Court Date: _____ |
| Thomas Dart; Cook County Sheriff's Merit Bd; Cook County, Illinois | Court Time: _____  ○ AM  ○ PM |

### SUMMONS IN ADMINISTRATIVE REVIEW

To each defendant:

YOU ARE SUMMONED and required to file an answer in this case or otherwise file your appearance with the office of the Clerk of the Circuit Court within 35 days after the date of this summons.

**FILING AN APPEARANCE:  Your appearance date is NOT a court date.**  It is the deadline for filing your appearance/answer.  To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/answer.**  You can download an Appearance form at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp.  After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

**E-FILING:**  E-filing is now mandatory with limited exemptions.  To e-File, you must first create an account with an e-Filing service provider.  Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp. asp or talk with your local circuit clerk's office.  If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:**  If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org.  You can also ask your local circuit clerk's office for a fee waiver application.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons in Administrative Review** (03/16/21) CCG 0600 B

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

This summons is served upon you by registered or certified mail pursuant to the provisions of 735 ILCS 5/3-10 et seq.

Witness: _____ 3/17/2022 12:01 PM IRIS Y. MARTINEZ

_____
Clerk of Court

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 4

Summons in Administrative Review                                    (03/16/21)  CCG 0600 C

## CERTIFICATE OF MAILING

On _____ , I sent by registered mail a copy of this summons to each defendant addressed as follows:

| Defendant | Address |
|---|---|
| Thomas J. Dart | 50 W. Washington St., Ste 802, Chicago, IL 60602 |
| Cook County | 118 N. Clark Street Chicago, IL 60602 |
| Cook County Sheriff's Merit Board | 69 W. Washington St., Ste 1100, Chicago, IL 60602 |

Dated: _____

3/17/2022 12:01 PM IRIS Y. MARTINEZ

Clerk of Court

◉ Atty. No.: 57548
○ Pro Se 99500

Name: Cass T. Casper

Atty. for (if applicable):

Plaintiff Anthony Kolaski

Address: 121 West Wacker Drive, Suite 2300

City: Chicago

State: IL   Zip: 60601

Telephone: (312) 506-5511 ext. 331

Primary Email: ccasper@dispartilaw.com

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 3 of 4

FILED DATE: 3/17/2022 12:01 PM   2022CH02349

FILED DATE: 3/17/2022 12:01 PM   2022CH02349

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES

#### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

Hearing Date: 7/15/2022 9:30 AM
Location: Court Room 2305
Judge: Mclean Meyerson, Pamela

FILED
3/17/2022 12:01 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH02349
Calendar, 11
17127090

FILED DATE: 3/17/2022 12:01 PM   2022CH02349

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

ANTHONY KOLASKI,

    Plaintiff,

      v.

THOMAS J. DART in his official capacity as
Sheriff of Cook County, Illinois; THE COOK
COUNTY SHERIFF'S MERIT BOARD; and
COOK COUNTY, ILLINOIS, as indemnitor.

    Defendants.

Case Number **2022CH02349**

Calendar

## COMPLAINT FOR ADMINISTRATIVE REVIEW

    ANTHONY KOLASKI ("Plaintiff"), by and through his attorney, Cass T. Casper,

DISPARTI LAW GROUP, P.A., states as follows for his Complaint ("Complaint") against

Defendants Thomas J. Dart ("Dart") in his official capacity, the Cook County Sheriff's Merit

Board ("Board"), and the County of Cook, Illinois (collectively, "Defendants").

## JURISDICTION AND VENUE

    1.  This Court has original and general jurisdiction over all claims raised herein under the

Illinois' Constitution, Article VI, Section 9.

    2.  This Court has jurisdiction over Count I pursuant to Illinois' Administrative Review Law

("ARL"), 735 ILCS 5/3-101, *et seq.*

    3.  Venue is proper in this Court because Defendants have their principal places of operation

in Cook County, Illinois, and the acts and omissions giving rise to Plaintiff's claims have occurred

in Cook County, Illinois.

## PARTIES

    4.  Plaintiff is a legal adult, a resident of Cook County, Illinois and has been at all times

FILED DATE: 3/17/2022 12:01 PM 2022CH02349

relevant a Deputy Sheriff with the Court Services Division of the Cook County Sheriff's Office. He is the Deputy Sheriff named in the Board's decision attached hereto Exhibit A and incorporated by reference herein.

5. The Cook County Sheriff's Merit Board ("Board") is an administrative agency within the meaning of 735 ILCS § 5/3-101, and is created and empowered pursuant to the Act, 55 ILCS § 5/3-7001, *et seq.*

6. Defendant Thomas J. Dart ("Dart" or "Sheriff") is a legal adult and a resident of Cook County, Illinois. Defendant Dart was a party of record in the administrative proceedings before the Board seeking Plaintiff's termination and is a necessary party to these proceedings pursuant to the ARL. Defendant Dart is sued in his official capacity only.

7. Defendant Cook County, Illinois is a unit of local government with indemnification responsibilities pursuant to the Illinois' Tort Immunity Act. It is named solely in its capacity as indemnitor of the other Defendants.

## COUNT I: ADMINISTRATIVE REVIEW OF THE BOARD'S DECISION UNDER ILLINOIS' ADMINISTRATIVE REVIEW LAW
(Plaintiff v. Defendants Sheriff in his official capacity only, the Board, and the County as indemnitor only)

### A. The Findings Of Fact Are Against The Manifest Weight/Clearly Erroneous, And Termination Lacks Just And Sufficient Cause.

8. The BOARD issued its decision (Exhibit A) in this matter on February 10, 2022.

9. The decision is an administrative decision within the meaning of the ARL because it affects the legal rights of the Plaintiff by terminating Plaintiff's employment with the Cook County Sheriff's Office, and because the decision terminates the proceedings before the BOARD.

10. The Rules and Regulations of the BOARD expressly adopt the provisions of the

FILED DATE: 3/17/2022 12:01 PM    2022CH02349

ARL, stating, "[f]iling time for administrative review actions will be calculated from the date of service of the Board's Final Decision, i.e., thirty-five (35) days, pursuant to provisions of the Administrative Review Law." *Rules and Regulations of the Board*, Article IX(F)(4) (as amended April 19, 2018).

11. This Complaint in this matter is timely brought within 35 days after service of the decision on Plaintiff.

12. The Board's factual findings in the decision are contrary to the manifest weight of the evidence, unsupported by clear and convincing evidence, and constitute insufficient cause for the discipline imposed

13. The Board's conclusions of law are unsupported by sufficient evidence and/or contrary to law.

14. The discipline imposed is based on trivial allegations and is not based upon a substantial shortcoming rendering the continuation of Plaintiff in the service detrimental to the discipline or efficiency of the service so as to require termination.

**B. Answer Consisting Of Entire Record And Certification.**

15. Plaintiff requests that the Board file an answer consisting of the transcript of all proceedings before the Board, exhibits offered and entered into evidence, and the full and complete Board file shall be filed by the Board as part of the record, as well as a certified copy of the entire record of proceedings under review.

WHEREFORE, Plaintiff requests that the Court enter an order reversing the Board's decision in its entirety, and order Plaintiff reinstated and made whole for all losses in connection with such decision, and/or enter instructions that the Board shall order the Sheriff to make Plaintiff whole for all losses in connection with his termination, including for lost pay, benefits,

3

FILED DATE: 3/17/2022 12:01 PM 2022CH02349

seniority, other emoluments and benefits of employment, and that this Court order such other

relief as it deems just and proper.

Dated: March 17, 2022

Respectfully submitted,

**ANTHONY KOLASKI**

*/s/ Cass T. Casper*

By:_____

Plaintiff's Attorney

*Cass T. Casper, Esq.*
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
E: ccasper@dispartilaw.com

4

FILED DATE: 3/17/2022 12:01 PM   2022CH02349

## COOK COUNTY SHERIFF'S MERIT BOARD

Sheriff of Cook County     )
                        )
vs.                      )
                        )     **Docket No. 2219**
**DEPUTY SHERIFF**       )
**ANTHONY P. KOLASKI**   )
**STAR #10609**         )

### DECISION

       This matter coming on to be heard pursuant to notice before Vincent T. Winters, Board Member, on October 19, 2021, the Merit Board conducted a hearing before Commissioner Vincent T. Winters. Both parties were represented by counsel and had a full and fair opportunity to present evidence. The Cook County Sheriff's Merit Board finds as follows:

#### Jurisdiction

       Anthony Kolaski, (Respondent) was appointed a Deputy Sheriff on December 21, 1994. That on December 11, 2006, Respondent was assigned to the Daley Center Courts, located at 50 W. Washington, Chicago, Illinois. Respondent's position as a Deputy Sheriff involves duties and responsibilities to the public; each member of the Cook County Sheriff's Merit Board, hereinafter Board, has been duly appointed to serve as a member of the Board pursuant to confirmation by the Cook County Board of Commissioners, State of Illinois, to sit for a stated term; the Board has jurisdiction of the subject matter of the parties in accordance with 55 ILCS 5/3-7001, *et seq*; and Respondent was served with a copy of the Complaint and notice of hearing and appeared before the Board with counsel to contest the charges contained in the Complaint.

#### Background

The Sheriff (Petitioner) filed a Complaint on December 31, 2019, Petitioner seeking termination of Respondent. Petitioner alleged that Respondent was placed under arrest, photographed, and fingerprinted by the Norridge Police Department ("NPD") for the crime of leaving an accident on or about May 25, 2007. On or about August 25, 2017, the Illinois State Police ("ISP") alerted the Cook County Sheriff's Office, Office of Professional Review ("OPR") that there had been a significant change to Respondent's official record and forwarded a copy of the report.

       After the case was continued from time to time, and discovery completed, it was called for a formal hearing on October 19, 2021. At the hearing, court reporter being present, all witnesses sworn under oath, testimony was taken from witnesses called by the Sheriff as well as testimony from the Respondent and witnesses called on her behalf. Documents were introduced by Petitioner and Respondent and received into evidence.

FILED DATE: 3/17/2022 12:01 PM 2022CH02349

**Docket No. 2219**
**Deputy Sheriff**
**Anthony Kolaski**
**STAR # 10609**

<u>Issues Presented:</u>

The Respondent was charged with violations of the Rules and Regulations of the Cook County Department of Corrections, more specifically:
**CCCSD GENERAL ORDER 3401.1 (effective: March 15, 2001)**
**RULES OF CONDUCT**

**CCCSD GENERAL ORDER 1009 (effective: December 8, 1997)**
**STAFF RESPONSIBILITIES**

**SHERIFF'S ORDER 11.2.20.0 (effective: January 25, 2013)**
**RULES OF CONDUCT**

**SHERIFF'S ORDER 11.2.20.1 (effective: March 12, 2015)**
**CONDUCT POLICY**

**COOK COUNTY COURT SERVICES DEPARTMENT POLICY MANUAL**
**POLICY 321[1] (effective 10-1-15)**
**CONDUCT**

**COOK COUNTY COURT SERVICES DEPARTMENT IL POLICY MANUAL**
**POLICY 100[2] (effective 9-1-17)**
**CONDUCT**

**COOK COUNTY SHERIFF'S DEPARTMENT MERIT BOARD RULES AND REGULATIONS**

   **Article X, Paragraph B**

---

[1] The Lexipol Conduct Policy for the Cook County Court Services Department was initially issued as Lexipol Policy 321 on August 26, 2015 and effective October 1, 2015. On September 1, 2017, the Lexipol Conduct Policy was reissued and renumbered as Lexipol Policy 100. On March 1, 2018, July 2, 2018, August 1, 2018, November 1, 2018, and December 3, 2018, the Lexipol Conduct Policy was reissued and renumbered in the Lexipol Cook County Court Services Department IL Policy Manual (released as recently as November 1, 2019) as Lexipol Policy 101.

[2] The Lexipol Conduct Policy for the Cook County Court Services Department was initially issued as Lexipol Policy 321 on August 26, 2015 and effective October 1, 2015. On September 1, 2017, the Lexipol Conduct Policy was reissued and renumbered as Lexipol Policy 100. On March 1, 2018, July 2, 2018, August 1, 2018, November 1, 2018, and December 3, 2018, the Lexipol Conduct Policy was reissued and renumbered in the Lexipol Cook County Court Services Department IL Policy Manual (released as recently as November 1, 2019) as Lexipol Policy 101.

2

FILED DATE: 3/17/2022 12:01 PM   2022CH02349

**Docket No. 2219**
**Deputy Sheriff**
**Anthony Kolaski**
**STAR # 10609**

**Findings of Fact**

Anthony Kolaski, Respondent testified, that he has been with the department for 24 years and that the incident stems from an accident that occurred at a Walgreens in 2006. (R. 27, 29). He testified that on May 25, 2007, his supervisor, Lieutenant Murunde, informed him that he needed to report to the NPD to be questioned about an allegation of leaving the scene of an accident. (R. 30).

Director Cameron Pon testified that he has been with the Cook County Sheriff's Police Department since 2004 and served as Director in OPR from 2014-2019. (R. 4, 5). Pons testified that he had direct involvement with the Respondent's OPR investigation, and that the Complaint focused on the fact that Respondent did not notify his chain of command or OPR that he was arrested by the NPD. (R. 5, 7). Pon's testified that once the investigation was started OPR reviewed records from the Illinois State Police, NPD, OPR Management inquires, the Circuit Court of Cook County inquiry, and internal database photograph of Respondent. (R. 7). Respondent was interviewed by OPR on February 2, 2018, and he was provided with all the required notification, rights, and paperwork. (R. 8, 9). Copies of the arrest record from the NPD were provided to the Respondent and his attorney prior to the interview. (R. 10). Documents and files from the NPD all related to the activities that occurred on May 27, 2017, when the Respondent was accused and arrested for leaving the scene of an accident with a Citation 625 ILCS 5.0/11-402(a). (R. 11). During his OPR interview, Respondent admitted that he was fingerprinted, photographed, given a ticket, as well as an I-Bond. (R. 12, 13). Although later in his interview he changed his story and said he did not recall if these things happened. During the interview Respondent claimed that he did not know he was arrested until OPR contacted him in February 2018, although he admitted that he had to go to court in Rolling Meadows for the matted, which was then dismissed. (R. 13, 14). Respondent testified that he can not recall if he was fingerprinted or photographed although he told OPR that he was. (R. 39, 40). The OPR interview was played, and it clearly states that Respondent admits that he was fingerprinted and photographed. (R. 48). Respondent also told OPR that he did sign out on an I-Bond but testified that he did not recall if he did. (R. 52). Respondent did testify that he never reported anything to the Sheriff's Office. (R. 45). Respondent has been with the Sheriff's office for over 24 years and testified that he did not know that he was arrested for a Misdemeanor and left the scene. (R. 47).

**Conclusion**

Based on the evidence presented, and after assessing the credibility of witnesses and the weight given by the evidence in the record, the Board finds, by a preponderance of the evidence, that Respondent Anthony Kolaski did violate the Cook County Sheriff's Department Rules and Regulations, SHERIFF'S GENERAL ORDER 3401.1 RULES OF CONDUCT, GENERAL ORDER 1009 STAFF RESPONSIBILITIES, SHERIFF'S ORDER 11.2.20.0 RULES OF CONDUCT, SHERIFF'S ORDER 11.2.20.1 CONDUCT POLICY, COOK COUNTY COURT SERVICES DEPARTMENT POLICY MANUAL POLICY 321 CONDUCT, COOK COUNTY COURT SERVICES DEPARTMENT IL POLICY MANUAL POLICY 100 CONDUCT, AND

FILED DATE: 3/17/2022 12:01 PM    2022CH02349

**Docket No. 2219**
**Deputy Sheriff**
**Anthony Kolaski**
**STAR # 10609**

COOK OCUNTY SHERIFF'S DEPARTMENT MERIT BOARD RULES AND
REGULATIONS, ARTICLE X, PARAGRAPH B.

Respondent admitted to OPR that he was fingerprinted, photographed, given a ticket, and given an I-Bond. Later in the interview Respondent changed his story and said that he did not remember if he was or not. When Respondent testified, he said the only reason that he admitted to being fingerprinted, photographed, given a ticket, and given an I-Bond was because he saw it on the arrest report. Respondent testified that he did not realize that he was arrested until OPR questioned him and that is why he did not report this to his supervisors. The Board does not believe the Respondent is credible.

## Order

Wherefore, based on the foregoing, it is hereby ordered that Respondent Anthony Kolaski be terminated from the Cook County Sheriff's Office effective December 31, 2019.

4

FILED DATE: 3/17/2022 12:01 PM   2022CH02349

**JOHN J. DALICANDRO,** Chairman
**BYRON BRAZIER,** Vice-Chairman
**VINCENT T. WINTERS,** Secretary
**KIMBERLY PATE GODDEN,** Board Member
**ELENI P. SIANIS,** Board Member
**TERRENCE J. WALSH,** Board Member



Telephone:  312-603-0170
Fax:  312-603-9865
Email:  Sherif.MeritBoard@ccsheriff.org

# COOK COUNTY
## SHERIFF'S MERIT BOARD
### 69 West Washington - Suite 1100
### Chicago, IL      60602

Anthony P. Kolaski
Deputy Sheriff
Docket No. 2219

This Decision is adopted and entered by a majority of the Members of the Merit Board:

John J. Dalicandro, Vincent T. Winters, Kimberly Pate Godden, Eleni P. Sianis and Terrence J. Walsh.

Not Present:   Byron Brazier

### DISSENT

The following Members of the Merit Board dissent from the Findings and Decision of the majority of the Board.

### [NONE]

DATED AT COUNTY OF COOK, STATE OF ILLINOIS, THIS 10th DAY OF FEBRUARY, 2022.

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 11

FILED
9/20/2022 11:06 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH02349
Calendar, 11
19560888

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**CHANCERY DIVISION**

ANTHONY KOLASKI,

      Plaintiff,

v.

THOMAS J. DART in his official capacity as
Sheriff of Cook County, Illinois; THE COOK
COUNTY SHERIFF'S MERIT BOARD; and
COOK COUNTY, ILLINOIS, as indemnitor.

      Defendants.

Case Number 2022 CH 02349

The Hon. Judge Pamela M. Meyerson

Calendar 11

Ad Damnum: $6,000,000 + backpay and
benefits + interest + attorneys' fees

JURY DEMANDED

## NOTICE OF MOTION

TO:   Lyle Henretty, Esq.    lyle.henretty@cookcountyil.gov
       Rena Honorow, Esq.   rena.honorow@cookcountyil.gov
       Rebecca Gest, Esq.     rebecca.gest@cookcountyil.gov
       Kathleen Ori, Esq.      kathleen.ori@cookcountyil.gov

     PLEASE TAKE NOTICE that the undersigned will appear before the Honorable Pamela
M. Meyerson on September 28, 2022 at 9:30 a.m. via ZOOM (link and login credentials below),
and there and then present the accompanying Plaintiff's Motion for Leave to File First Amended
Complaint. A copy is included herewith.

To join the hearing, please use the following link and/or credentials:

https://circuitcourtofcookcounty.zoom.us/j/92896632736?pwd=cS9PaEQyOFFka0Fwdjd3NXgy
d253UT09

The Meeting ID is 928 9663 2736. The Password is 813107.

                  Respectfully submitted,

                  **ANTHONY KOLASKI**

                     */s/ Cass T. Casper*
           By:_____
                    Plaintiff's Attorney

FILED DATE: 9/20/2022 11:06 AM   2022CH02349

FILED DATE: 9/20/2022 11:06 AM  2022CH02349

*Cass T. Casper, Esq.*
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
E: ccasper@dispartilaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 20, 2022, he caused to be served the

foregoing Notice of Motion on all counsel of record via this Court's Electronic Filing Service

Provider, Odyssey E-File, and that all such counsels are registered e-filers.

*/s/ Cass T. Casper*

By:_____

2

Hearing Date: 9/28/2022 9:30 AM - 9:35 AM
Location: <<CourtRoomNumber>>
Judge: Calendar, 11

FILED
9/20/2022 10:54 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH02349
Calendar, 11
19560489

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**CHANCERY DIVISION**

ANTHONY KOLASKI,

    Plaintiff,

v.

THOMAS J. DART in his official capacity as
Sheriff of Cook County, Illinois; THE COOK
COUNTY SHERIFF'S MERIT BOARD; and
COOK COUNTY, ILLINOIS, as indemnitor.

    Defendants.

Case Number 2022 CH 02349

The Hon. Judge Pamela M. Meyerson

Calendar 11

Ad Damnum: $6,000,000 + backpay and
benefits + interest + attorneys' fees

JURY DEMANDED

<u>**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**</u>

    NOW COMES, Anthony Kolaski ("Plaintiff" or "Kolaski"), by and through his

undersigned counsel, Cass Thomas Casper, DISPARTI LAW GROUP, P.A., and moves this

Honorable Court for leave to file the accompanying First Amended Complaint ("FAC") for the

following reasons.

    1.  This is Plaintiff's first motion for leave to file an amended complaint, a true and accurate

copy of which is attached hereto as a supplement.

    2.  The administrative review litigation in this case has not proceeded to briefing, and no

work has been done on this case by any party, except for the record being filed by the Board on

April 26, 2022.

    3.  As Plaintiff's counsel was beginning work on the briefs in this case, it became clear that

there is major discrimination and retaliation issue underlying what happened to Plaintiff that was

realized because the basis for his termination – an allegation of police contact in 2007 – is so

unprecedented a basis to fire a Deputy Sheriff that it gave rise to an unrelenting question about

why he was sought for termination and terminated on such a basis.

FILED DATE: 9/20/2022 10:54 AM    2022CH02349

4.  After further investigation in conjunction with Plaintiff's union, FOP Labor Council, it was revealed that Plaintiff had engaged in a substantial amount of protected activity under the Americans with Disabilities Act and the Illinois Human Rights Act surrounding his disabilities.

5.  So too, many other Deputy Sheriffs have been accused of similar alleged misconduct as Plaintiff, and were not terminated for it or even sought for termination for it, making his termination all the more suspect.

6.  Based on the foregoing, Plaintiff has filed discrimination and retaliation charges with the EEOC/IDHR, and seeks to add counts to the instant lawsuit premised on such charges, albeit with a request to stay those counts until the EEOC/IDHR issue right to sue letters. *See Palka v. City of Chicago*, 662 F.3d 428, 438 (7th Cir. 2011) (recognizing that parties may file suit and seek a stay of claims pending receipt of right-to-sue letters).

7.  Plaintiff needs to seek to add these claims now to this case because if he waits to do it and administrative review briefing proceeds, it may create a problem with the timeliness of this effort to amend under the *Loyola* factors.  The instant Judge denied a motion to amend on that very basis in another case once, *Scatchell, Jr. v. Village of Melrose Park*; however, the instant effort to amend comes far earlier in the case than happened in *Scatchell*, and, therefore, should be deemed timely. *See John A. Scatchell v. Village of Melrose Park, et al.*, 2018 CH 16150, J. Meyerson (Dec. 15, 2020 *Memo. Op. and Order*).

8.  At the same time, Plaintiff needs to join these claims with the ARL count because if he does not, more than likely the Defendants will cry "claim-splitting," if Plaintiff files a separate lawsuit.

9.  The safest and most efficient route for Plaintiff to pursue these discrimination claims is to raise them in this case, but seek a stay pending receipt of right to sue letters.

2

FILED DATE: 9/20/2022 10:54 AM   2022CH02349

10. Under *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill.2d 263 (1992), courts examine four factors to determine whether to allow a motion for leave to amend. These factors are: (1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified. *Id.* at 273.

11. There have been no prior attempts to amend, so factor four is out.

12. Factor one, too, is out because there's no defect sought to be corrected; rather, Plaintiff seeks to add counts to (1) avoid an allegation of claim-splitting and judge shopping if he filed a separate case, and (2) debatably, Plaintiff needs to add all the counts in one case to avoid the claim-splitting arguments.

13. The proposed amendment is timely because little work has been done on this case, this amendment is being proposed at the outset before administrative review briefing proceeds, and the new claims added to it are timely as a matter of statute of limitations issues.

14. Defendants cannot realistically claim prejudice or surprise by this amendment for the same reason it is timely, that is, there's been little substantive work on the case, it is early on in the life of the litigation, and there's no conceivable way the Defendants are prejudiced or ambushed by it, that being the case.

15. Accordingly, all four *Loyola* factors are in favor of allowing this amendment.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant this Motion, and allow Plaintiff to file his First Amended Complaint.

Dated: September 20, 2022

3

FILED DATE: 9/20/2022 10:54 AM   2022CH02349

Respectfully submitted,

**ANTHONY KOLASKI**

*/s/ Cass T. Casper*

By:_____

Plaintiff's Attorney

*Cass T. Casper, Esq.*
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
E: ccasper@dispartilaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 20, 2022, he caused to be served the

foregoing First Amended Complaint on all counsel of record via this Court's Electronic Filing

Service Provider, Odyssey E-File, and that all such counsels are registered e-filers.

*/s/ Cass T. Casper*

By:_____

4

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 11

FILED DATE: 9/20/2022 11:06 AM   2022CH02349

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**CHANCERY DIVISION**

FILED
9/20/2022 11:06 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH02349
Calendar, 11
19560888

ANTHONY KOLASKI,

      Plaintiff,

v.

THOMAS J. DART in his official capacity as
Sheriff of Cook County, Illinois; THE COOK
COUNTY SHERIFF'S MERIT BOARD; and
COOK COUNTY, ILLINOIS, as indemnitor.

      Defendants.

Case Number 2022 CH 02349

The Hon. Judge Pamela M. Meyerson

Calendar 11

Ad Damnum: $6,000,000 + backpay and
benefits + interest + attorneys' fees

JURY DEMANDED

## NOTICE OF MOTION

TO:    Lyle Henretty, Esq.    lyle.henretty@cookcountyil.gov
          Rena Honorow, Esq.  rena.honorow@cookcountyil.gov
          Rebecca Gest, Esq.    rebecca.gest@cookcountyil.gov
          Kathleen Ori, Esq.     kathleen.ori@cookcountyil.gov

      PLEASE TAKE NOTICE that the undersigned will appear before the Honorable Pamela
M. Meyerson on September 28, 2022 at 9:30 a.m. via ZOOM (link and login credentials below),
and there and then present the accompanying Plaintiff's Motion to Temporarily Stay
Administrative Review Briefing. A copy is included herewith.

To join the hearing, please use the following link and/or credentials:

https://circuitcourtofcookcounty.zoom.us/j/92896632736?pwd=cS9PaEQyOFFka0Fwdjd3NXgy
d253UT09

The Meeting ID is 928 9663 2736. The Password is 813107.

                    Respectfully submitted,

                    **ANTHONY KOLASKI**

                    */s/ Cass T. Casper*
          By:_____
                    Plaintiff's Attorney

FILED DATE: 9/20/2022 11:06 AM   2022CH02349

*Cass T. Casper, Esq.*
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
E: ccasper@dispartilaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 20, 2022, he caused to be served the

foregoing Notice of Motion on all counsel of record via this Court's Electronic Filing Service

Provider, Odyssey E-File, and that all such counsels are registered e-filers.

*/s/ Cass T. Casper*
By:_____

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 11

FILED DATE: 9/20/2022 11:06 AM   2022CH02349

FILED
9/20/2022 11:06 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH02349
Calendar, 11
19560888

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### CHANCERY DIVISION

ANTHONY KOLASKI,

    Plaintiff,

v.

THOMAS J. DART in his official capacity as
Sheriff of Cook County, Illinois; THE COOK
COUNTY SHERIFF'S MERIT BOARD; and
COOK COUNTY, ILLINOIS, as indemnitor.

    Defendants.

Case Number 2022 CH 02349

The Hon. Judge Pamela M. Meyerson

Calendar 11

Ad Damnum: $6,000,000 + backpay and
benefits + interest + attorneys' fees

JURY DEMANDED

## PLAINTIFF'S MOTION FOR LEAVE TO TEMPORARILY STAY ADMINISTRATIVE REVIEW BRIEFING PENDING RESOLUTION OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

NOW COMES, Anthony Kolaski ("Plaintiff" or "Kolaski"), by and through his undersigned counsel, Cass Thomas Casper, DISPARTI LAW GROUP, P.A., and moves this Honorable Court for leave to temporarily stay the administrative review briefing pending resolution of Plaintiff's Motion for Leave to File FAC for the following reasons.

1. Plaintiff has filed contemporaneously herewith a Motion for Leave to File FAC that seeks to add Title VII and IHRA discrimination and retaliation counts to the ARL Count, such Motion is spindled for September 28, 2022.

2. The filing of the FAC, if allowed, may cause Defendants to seek to remove this case to federal court, making administrative review before this court premature until such time as issues of removal are concluded.

3. Based on these considerations, Plaintiff requests that briefing on administrative review be temporarily stayed until the motion for leave to file amended complaint, and subsequent removal considerations, are concluded.

FILED DATE: 9/20/2022 11:06 AM    2022CH02349

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant

this Motion, and to temporarily stay administrative review briefing.

Dated: September 20, 2022

Respectfully submitted,

**ANTHONY KOLASKI**

*/s/ Cass T. Casper*

By:_____

Plaintiff's Attorney

*Cass T. Casper, Esq.*
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
E: ccasper@dispartilaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 20, 2022, he caused to be served the

foregoing document on all counsel of record via this Court's Electronic Filing Service Provider,

Odyssey E-File, and that all such counsels are registered e-filers.

*/s/ Cass T. Casper*

By:_____

2

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 11

FILED
10/3/2022 8:52 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH02349
Calendar, 11
19727460

FILED DATE: 10/3/2022 8:52 AM 2022CH02349

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

ANTHONY KOLASKI,

    Plaintiff,

v.

THOMAS J. DART in his official capacity as
Sheriff of Cook County, Illinois; THE COOK
COUNTY SHERIFF'S MERIT BOARD; and
COOK COUNTY, ILLINOIS, as indemnitor.

    Defendants.

Case Number 2022 CH 02349

The Hon. Judge Pamela M. Meyerson

Calendar 11

Ad Damnum: $6,000,000 + backpay and
benefits + interest + attorneys' fees

JURY DEMANDED

## FIRST AMENDED COMPLAINT

ANTHONY KOLASKI ("Plaintiff"), by and through his attorney, Cass T. Casper,

DISPARTI LAW GROUP, P.A., states as follows for his First Amended Complaint

("Complaint" or ("FAC")) against Defendants Thomas J. Dart ("Dart") in his official capacity,

the Cook County Sheriff's Merit Board ("Board"), and the County of Cook, Illinois (collectively,

"Defendants").

## JURISDICTION AND VENUE

1. This Court has original and general jurisdiction over all claims raised herein under the

Illinois' Constitution, Article VI, Section 9.

2. This Court has jurisdiction over Count I pursuant to Illinois' Administrative Review Law

("ARL"), 735 ILCS 5/3-101, *et seq.*

3. Jurisdiction of this Court also arises under 28 U.S.C. §§ 1331, 1337 as to Counts 2 and 3

pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, as amended

("ADA") for purposes of the discrimination count, and pursuant to 42 U.S.C. § 12203, *et seq.*,

for purposes of the retaliation count.

FILED DATE: 10/3/2022 8:52 AM  2022CH02349

4. Jurisdiction of this Court to award attorneys' fees arises under the ADA, 42 U.S.C. §12205, for purposes of the ADA claims.

5. Jurisdiction of this Court also arises under the discrimination and retaliation provisions of the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-102, *et seq.*, for purposes of Counts 4 and 5, and under same for purposes of awarding attorneys' fees thereunder.

6. Venue is proper in this Court because Defendants have their principal places of operation in Cook County, Illinois, and the acts and omissions giving rise to Plaintiff's claims have occurred in Cook County, Illinois.

## PARTIES

7. Plaintiff is a legal adult, a resident of Cook County, Illinois and has been at all times relevant a Deputy Sheriff with the Court Services Division of the Cook County Sheriff's Office. He is the Deputy Sheriff named in the Board's decision attached hereto Exhibit A and incorporated by reference herein.

8. The Board is an administrative agency within the meaning of 735 ILCS § 5/3-101, and is created and empowered pursuant to the Act, 55 ILCS § 5/3-7001, *et seq.*

9. The Board is the administrative agency that heard the administrative charges brought against Plaintiff by the Sheriff and that issued the final decision in Exhibit A terminating Plaintiff and terminating all proceedings before it on such charges.

10. Defendant Dart is a legal adult, a resident of Cook County, Illinois, and the duly-elected Sheriff of Cook County at all times relevant to this case.

11. Defendant Dart was a party of record in the administrative proceedings before the Board seeking Plaintiff's termination and is a necessary party to these proceedings pursuant to the ARL.

2

FILED DATE: 10/3/2022 8:52 AM   2022CH02349

12. Defendant Dart is sued in his official capacity only for purposes of the ARL, ADA, and IHRA discrimination and retaliation counts brought herein.

13. Defendant Cook County, Illinois is a unit of local government with indemnification responsibilities pursuant to the Illinois' Tort Immunity Act. It is named solely in its capacity as indemnitor of the other Defendants.

14. Defendants Dart and the Board are joint employers in fact for purposes of this lawsuit because at least the Board is an administrative arm of the Sheriff's Office, its members are selected by the Sheriff, it has the power to certify Sheriff's office members for promotion, hire, and transfer, it has the power to fire on behalf of the Sheriff, and, after a reasonable opportunity for discovery, it will be shown that the Board through one or more of its members acted on suggestion, direction, or otherwise by the Sheriff in terminating Plaintiff on an unprecedented basis, indeed, the termination is so unprecedented and shocking based on the allegations in issue as to force an inference of illicit doings by these Defendants.

15. By "Defendant" herein, Plaintiff is referring to Dart and the Board as "joint employer" throughout this FAC.

16. At all times relevant, each Defendant has been engaged in an industry affecting commerce.

17. At all times relevant, each Defendant, separately and as joint employers, has employed more than 15 employees for each working day in each of 20 or more calendar weeks in the current and preceding calendar years.

18. At all times relevant, Plaintiff was an employee of Defendants up until his wrongful termination on February 10, 2022.

3

FILED DATE: 10/3/2022 8:52 AM    2022CH02349

## ADMINISTRATIVE PREREQUISITES

19. On or about September 18, 2022, Plaintiff filed three charges with the EEOC and caused to be cross-filed same with the Illinois Department of Human Rights ("IDHR") alleging, *inter alia*, that the actions taken against him by Defendants, including his termination, constitute disability discrimination and retaliation under the ADA and the IHRA. *See* Group Exhibit B (three EEOC Charges).

20. Plaintiff is currently awaiting processing of such charges and disposition before the EEOC and the IDHR of same; however, he intends to seek a right-to-sue letter on each and to bring the ADA and IHRA discrimination and retaliation claims in this Court via this case.

21. As Plaintiff was terminated by order of the Board on February 10, 2022, Plaintiff timely filed his EEOC/IDHR charges within 300 days of such adverse action and, therefore, his discrimination and retaliation claims are timely brought at the EEOC/IDHR.

22. Plaintiff requests to temporarily stay the discrimination and retaliation counts herein while awaiting further processing of such charges at the EEOC/IDHR and/or the issuance of a right-to-sue letter on request or otherwise. *See Palka v. City of Chicago*, 662 F.3d 428, 438 (7th Cir. 2011) (recognizing that parties may file suit and seek a stay of claims pending receipt of right-to-sue letters).

## FACTS COMMON TO ALL COUNTS

### 1. Plaintiff Is Disabled, Regarded As Disabled, And Has A Record Of Disability For Purposes Of The ADA And The IHRA.

23. At all times relevant, Plaintiff has been disabled within the meaning of the ADA and the IHRA.

24. Plaintiff has at all times suffered from physical impairments, to include, Type 1 diabetes, amputated toes, organ destruction, bodily numbness, and kidney failure.

4

FILED DATE: 10/3/2022 8:52 AM   2022CH02349

25. Plaintiff has at all times been regarded as disabled within the meaning of the ADA because Defendant has perceived him to suffer from physical impairments that limit one or more major life activities.

26. Plaintiff has at all times had a record of being disabled within the meaning of the ADA because he has had a record of the physical impairments outlined herein that substantially limit one or more of the major life activities outlined herein.

27. Plaintiff's physical impairments at all times have substantially limited his performance of one or more major life activities, to include eating normally, running, stooping, and driving.

28. Plaintiff has at all times met all of the experience, certification, training, and skill requirements for the position he held prior to his termination, *to wit*, Deputy Sheriff within the Court Services Division of the Cook County Sheriff's Office ("CCSO").

29. The essential functions of the Deputy Sheriff position include scanning individuals entering courthouses at the line scanning machines, clearly communicating with members of the public in response to questions, directing pedestrian traffic in the courthouses, and providing security.

30. At all times, Plaintiff can perform all of the true essential and marginal job functions of the Deputy Sheriff position with or without a reasonable accommodation.

31. At all times, Plaintiff has been a qualified individual with a disability within the meaning of the ADA and the IHRA.

**2. Plaintiff Has Sought Accommodations, Filed Grievances And Pursued Arbitration Relating To His Disabilities, Protested Mistreatment At The CCSO Relating To His Disability, And Suffered Disability Discrimination Based On His Physical Impairments.**

32. Prior to Plaintiff's termination, the Sheriff's Office of Professional Review filed a

5

FILED DATE: 10/3/2022 8:52 AM    2022CH02349

Complaint Register against Plaintiff alleging that he was arrested on May 25, 2007 for leaving the scene of an accident and alleging that he failed to make notification of same to the CCSO.

33. OPR conducted nearly no investigation whatsoever into this alleged arrest and failure to notify and, what investigation it did was a sham, fraudulent, incomplete, and cursory.

34. Had OPR conducted a meaningful, true investigation into the alleged 2007 arrest, it would have uncovered the following facts:

   a. Plaintiff was not arrested in 2007.

   b. As to the incident in question, one of his supervisors told him to him to go to Norridge Police Department because same had some questions for Plaintiff.

   c. Plaintiff immediately went to Norridge and met with two officers while in his CCSO uniform, in possession his firearm, and possessing his star and other indicia of CCSO employment.

   d. Plaintiff was never told he was arrested, that he was not free to leave, was not jailed, and left freely after answering some questions and went and had dinner with his wife.

   e. Plaintiff throughout his interview with Norridge was allowed to keep his firearm on his person, and his CCOS uniform and gear, further evidencing that he was not arrested.

   f. Plaintiff at no time thought or believed he was arrested, which was a reasonable belief based on the foregoing.

   g. The CCSO was already aware of Plaintiff's interaction with Norridge due to his supervisor telling him to go to Norridge.

   h. Plaintiff was not required to make notification to the CCSO anyway because the General Orders in effect only required him to make notice of an "arrest," which, as noted, Plaintiff was not arrested and had no reason to think he was arrested.

6

FILED DATE: 10/3/2022 8:52 AM   2022CH02349

  i. Plaintiff never plead guilty, was not indicted, and was not convicted of any crime.

  j. Plaintiff did receive a ticket for leaving the scene of an accident, but it was thrown out in court.

35. Notwithstanding the specious, unsubstantiated, ancient and untimely, and trivial circumstances surrounding the 2007 incident outlined herein, OPR filed a complaint register against him, the Sheriff filed written charges against Plaintiff at the Board seeking his termination based on the alleged failure to report the arrest outlined herein and allegedly leaving the scene of an accident in 2007.

36. The Sheriff's Legal Department by its agent Nicholas Scouffas (General Counsel) signed the written charges.

37. At all times, the Sheriff's Legal Department was aware of Plaintiff's disability, regarded him as being disabled, and was aware of his record of disability by virtue of being involved in his ADA accommodation process, his grievances and arbitrations relating to unjust discipline based on his disability, his complaints and protests to the Sheriff's Office regarding mistreatment for his disabilities, and because the CCSO had called the paramedics on Plaintiff without cause on multiple occasions.

38. The pursuit of written charges and request for termination of Plaintiff at the Board was unprecedented based on the factual allegations against him at least because numerous other Deputy Sheriffs had been arrested and/or failed to make notice of police contact without being sought for termination, including but not limited to:

  a. Deputy Sheriff Jason Mileczyk;

FILED DATE: 10/3/2022 8:52 AM   2022CH02349

b. James Pryzbyla was involved in an altercation and arrested for disorderly conduct without making notification and was not sought for termination and he was not disabled or regarded as disabled;

c. Nicholas Adduci was involved in police contact and failed to make notification without making notification and was not sought for termination and he was not disabled or regarded as disabled;

d. Jason Dougherty was involved in police contact and failed to make notification without making notification and was not sought for termination and he was not disabled or regarded as disabled;

e. Jason Duggar was involved in police contact and failed to make notification without making notification and was not sought for termination and he was not disabled or regarded as disabled; and,

f. Many other Deputy Sheriffs over the years have actually been arrested and/or had police contact, failed to make notification, and were not sought for termination by the CCSO and none of same were disabled or regarded as disabled.

39. At all times, the CCSO has been aware of the disparate treatment between Plaintiff and the foregoing and other Deputy Sheriffs who are not disabled, and, in willful and wanton fashion, with malice and cruelty, and/or with deliberate indifference to Plaintiff's rights under the ADA, proceeded on written charges against him anyway.

40. On belief and after a reasonable opportunity for discovery, it will be shown that the Board and the Sheriff had one or more communications leading to the Board making the decision in conjunction with the Sheriff's Legal Department and the CCSO to fire Kolaski as of February

8

FILED DATE: 10/3/2022 8:52 AM    2022CH02349

10, 2022, all because at least in part Plaintiff is disabled, is regarded as disabled, and has a record of disability.

41. On belief and after a reasonable opportunity for discovery, it will be shown that the Board and the Sheriff had one or more communications leading to the Board making the decision in conjunction with the Sheriff's Legal Department and the CCSO to fire Kolaski as of February 10, 2022, all because at least in part Plaintiff has engaged in numerous acts of protected activity under the ADA, including seeking accommodations, filing grievances and pursuing arbitration for unjust discipline due to his disability, and engaging in conversations with CCSO Human Resources and others regarding his disability and seeking protection under the ADA with such persons for his disabilities.

42. On belief and after a reasonable opportunity for discovery, it will be shown that the CCSO and the Board acted jointly, as a joint employer, and in concert to terminate Plaintiff because of his disability/being regarded as disabled, and because of his ADA-protected activity, because the Defendants desired to rid its office of what it perceived as a troublesome, difficult employee with disabilities and who engaged in protected activity.

43. The allegations against Plaintiff at the Board and the Board's termination decision are pretextual reasons to terminate him because of his disabilities and protected activity, and the true reason for his charges at the Board and termination are his disabilities, record of same, and perception of being disabled, as well as his engagement in protected activity.

44. Defendant (the Sheriff and the Board), as joint employer, terminated Plaintiff on February 10, 2022 because of his disabilities, because he has been regarded as disabled, and because of his record of disability in violation of the ADA.

45. Defendant (the Sheriff and the Board), as joint employer, terminated Plaintiff on

9

FILED DATE: 10/3/2022 8:52 AM    2022CH02349

February 10, 2022 because of his disability and protected activity under the ADA, including

seeking accommodations, filing grievances and pursuing arbitration for unjust discipline due to

his disability, and engaging in conversations with CCSO Human Resources and others regarding

his disability and seeking protection under the ADA with such persons for his disabilities. Such

activities include, but are not limited to:

     a.  making an ADA accommodation request on 3/12/2018;

     b.  pursuing four grievances to arbitration before Arbitrator Brian Reynolds on

        November 8, 2019, and processing these grievances prior to the arbitration step,

        resulting in two of the grievances for discipline being thrown out, and requesting

        position statements from the Union and Employer on the other two;

     c.  challenging an unjust fitness-for-duty loss of benefit time in a grievance in 2017;

     d.  that he refused to accept a Summary Punishment Action Request ("SPAR") on

        January 18, 2018 over his alleged failure to maintain physical condition due to his

        disabilities, and requesting a grievance procedure be pursued about this SPAR;

     e.  that Plaintiff demanded a grievance be filed over a 15 day suspension based on his

        allegedly leaving his post to obtain food for his diabetic condition;

     f.  that he refused to accept a Summary Punishment Action Request ("SPAR") on

        March 21, 2018 over his alleged failure to maintain physical condition due to his

        disabilities, and requesting a grievance procedure be pursued about this SPAR;

     g.  That Plaintiff prevailed at another grievance arbitration before Arbitrator Brian

        Reynolds on May 26, 2021 over his challenge to wrongfully withheld benefit time

        for a fitness for duty examination the CCSO sent him to in 2017 due to his

        disabilities; and,

10

FILED DATE: 10/3/2022 8:52 AM   2022CH02349

    h.   That Plaintiff filed a grievance on January 30, 2020 demanding an audit of his

        benefit time for April to July 2019.

46. Due to Defendant's actions, Plaintiff has suffered damages, to include mental distress,

job loss, loss of pay and benefits, loss of seniority, pension service credit losses, and other losses.

### COUNT 1: ADMINISTRATIVE REVIEW OF THE BOARD'S DECISION UNDER ILLINOIS' ADMINISTRATIVE REVIEW LAW
(Plaintiff v. Defendants Sheriff in his official capacity and as a necessary party only, the Board, and the County as indemnitor only)

### A.  The Findings Of Fact Are Against The Manifest Weight/Clearly Erroneous, And Termination Lacks Just And Sufficient Cause.

47. Plaintiff restates and incorporates by reference Paragraphs 1 through 46 of this FAC as if fully realleged in this Count.

48. The Board issued its decision (Exhibit A) in this matter on February 10, 2022.

49. The decision is an administrative decision within the meaning of the ARL because it affects the legal rights of the Plaintiff by terminating Plaintiff's employment with the CCSO, and because the decision terminates the proceedings before the Board.

50. The Rules and Regulations of the Board expressly adopt the provisions of the ARL, stating, "[f]iling time for administrative review actions will be calculated from the date of service of the Board's Final Decision, i.e., thirty-five (35) days, pursuant to provisions of the Administrative Review Law." *Rules and Regulations of the Board*, Article IX(F)(4) (as amended April 19, 2018).

51. This original complaint filed in this matter was timely brought within 35 days after service of the decision on Plaintiff.

52. The Board's factual findings in the decision are contrary to the manifest weight of the

11

evidence, unsupported by clear and convincing evidence, and constitute insufficient cause for the discipline imposed

53. The Board's conclusions of law are unsupported by sufficient evidence and/or contrary to law.

54. The discipline imposed is based on trivial allegations and is not based upon a substantial shortcoming rendering the continuation of Plaintiff in the service detrimental to the discipline or efficiency of the service so as to require termination.

## B. Answer Consisting Of Entire Record And Certification.

55. Plaintiff requests that the Board file an answer consisting of the transcript of all proceedings before the Board, exhibits offered and entered into evidence, and the full and complete Board file shall be filed by the Board as part of the record, as well as a certified copy of the entire record of proceedings under review.

WHEREFORE, Plaintiff requests that the Court enter an order reversing the Board's decision in its entirety, and order Plaintiff reinstated and made whole for all losses in connection with such decision, and/or enter instructions that the Board shall order the Sheriff to make Plaintiff whole for all losses in connection with his termination, including for lost pay, benefits, seniority, other emoluments and benefits of employment, and that this Court order such other relief as it deems just and proper.

## COUNT 2 – DISABILITY DISCRIMINATION UNDER THE ADA (PLAINTIFF REQUESTS TO STAY THIS COUNT PENDING RECEIPT OF A RIGHT TO SUE LETTER)
(Plaintiff v. Defendants Dart and Board, individually and as joint employers)

56. Plaintiff restates and incorporates by reference Paragraphs 1 through 46 of this FAC as if fully realleged in this Count.

57. In order to prove disability discrimination under the ADA, a plaintiff must show (1) that

12

FILED DATE: 10/3/2022 8:52 AM   2022CH02349

FILED DATE: 10/3/2022 8:52 AM   2022CH02349

he suffers from a disability, (2) that he met his employer's legitimate job expectations, (3) that she suffered an adverse employment action, and (4) that similarly-situated employees without a disability were treated more favorably. *See, e.g.*, *Dickerson v. Board of Trustees of Community College District No. 522*, 657 F.3d 595 (7th Cir. 2011) (citing *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 601 (7th Cir. 2009)).

58. At all times relevant, Plaintiff has been disabled within the meaning of the ADA.

59. Plaintiff has at all times suffered from physical impairments, to include, Type 1 diabetes, amputated toes, organ destruction, bodily numbness, and kidney failure.

60. Plaintiff has at all times been regarded as disabled within the meaning of the ADA because Defendant has perceived him to suffer from physical impairments that limit one or more major life activities.

61. Plaintiff has at all times had a record of being disabled within the meaning of the ADA because he has had a record of the physical impairments outlined herein that substantially limit one or more of the major life activities outlined herein.

62. Plaintiff's physical impairments at all times have substantially limited his performance of one or more major life activities, to include eating normally, running, stooping, and driving.

63. Plaintiff has at all times met all of the experience, certification, training, and skill requirements for the position he held prior to his termination, *to wit*, Deputy Sheriff within the CCSO.

64. The essential functions of the Deputy Sheriff position include scanning individuals entering courthouses at the line scanning machines, clearly communicating with members of the public in response to questions, directing pedestrian traffic in the courthouses, and providing security.

13

FILED DATE: 10/3/2022 8:52 AM    2022CH02349

65. At all times, Plaintiff can perform all of the true essential and marginal job functions of the Deputy Sheriff position with or without a reasonable accommodation.

66. At all times, Plaintiff has been a qualified individual with a disability within the meaning of the ADA.

67. At all times, Plaintiff has met the legitimate expectations of Defendants, including performing his job, coming to work, not being subject to legitimate discipline, and performing adequately all essential job functions.

68. The alleged 2007 arrest and failure to make notice of police contact at no time form part of the legitimate expectations of the employer because Plaintiff was never arrested and did not have to make notice of a non-arrest, and because other Deputy Sheriffs had been arrested and failed to make notice and were not sent for termination for same, including but not limited to:

    a.  Deputy sheriff Jason Mileczyk;

    b.  James Pryzbyla was involved in an altercation and arrested for disorderly conduct without making notification and was not sought for termination and he was not disabled or regarded as disabled;

    c.  Nicholas Adduci was involved in police contact and failed to make notification without making notification and was not sought for termination and he was not disabled or regarded as disabled;

    d.  Jason Dougherty was involved in police contact and failed to make notification without making notification and was not sought for termination and he was not disabled or regarded as disabled;

    e.  Jason Duggar was involved in police contact and failed to make notification

14

without making notification and was not sought for termination and he was not disabled or regarded as disabled; and,

      f.   Many other Deputy Sheriffs over the years have actually been arrested and/or had police contact, failed to make notification, and were not sought for termination by the CCSO and none of same were disabled or regarded as disabled.

69. Defendants, individually and as joint employers, terminated Plaintiff on February 10, 2022, which is an adverse employment action, due to his disability, due to his being regarded as disabled, and due to his record of disability.

70. Other, non-disabled Deputy Sheriffs were not terminated and/or recommended for termination despite engaging in substantially similar alleged misconduct as that attributed to Plaintiff in the Sheriff's written charges against him at the Board and in the Board's decision against Plaintiff.

71. The true reason for Plaintiff's termination was his being disabled, his being regarded as disabled, and his record of disability, because the Defendants wanted rid its office of what it perceived as a troublesome, difficult employee with disabilities and who engaged in protected activity.

72. As a result of Defendant's prohibited discrimination, Plaintiff suffered damages, to include lost pay and benefits, job loss, mental distress and loss of enjoyment of life.

      For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, and enter and order the following affirmative and other make whole relief:

A.  That Defendants reinstate Plaintiff to the same or substantially similar job title;

B.  That Defendants make Plaintiff whole with back pay and benefits from February 10,

15

FILED DATE: 10/3/2022 8:52 AM   2022CH02349

2022 through date of judgment, with prejudgment interest;

C. That Defendants award Plaintiff compensatory damages for mental distress in an amount to be decided by the jury up to and including $300,000;

D. That Defendants cease and be enjoined from engaging in discriminatory conduct in violation of the ADA;

E. That Defendants pay Plaintiff's reasonable attorneys' fees, costs, and litigation expenses pursuant to the ADA; and,

F. Such other relief as this Court deems just and proper.

## COUNT 3 – RETALIATION UNDER THE ADA (PLAINTIFF REQUESTS TO STAY THIS COUNT PENDING RECEIPT OF A RIGHT TO SUE LETTER)
(Plaintiff v. Defendants Dart and Board, individually and as joint employers)

73. Plaintiff restates and incorporates by reference Paragraphs 1 through 46 of this FAC as if fully realleged in this Count.

74. In order to prove retaliation under the ADA, a plaintiff must show (1) that he engaged in a statutorily protected activity, (2) that she suffered an adverse employment action, and (3) a causal connection between the two. *See, e.g.*, *Dickerson v. Board of Trustees of Community College District No. 522*, 657 F.3d 595 (7th Cir. 2011) (citing *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 601 (7th Cir. 2009)).

75. Prior to Plaintiff's termination, he engaged in the ADA protected activity of requesting accommodations, pursuing grievances and arbitration relating to unjust discipline for his disabilities, and engaged in numerous conversations with CCSO Human Resources staff regarding his disabilities in the vein of invoking the ADA's protection of Plaintiff to the Sheriff.

76. Defendants, individually and as joint employers, terminated Plaintiff on February 10, 2022, which is an adverse employment action, due to his protected activities.

16

FILED DATE: 10/3/2022 8:52 AM    2022CH02349

77. Defendants terminated Plaintiff because of his protected activity, which may be shown in part due to the fact that other similarly-situated Deputy Sheriffs who did not engage in the kind of protected activity that Plaintiff did were not sought for termination based on substantially similar allegations as Plaintiff, including but not limited to:

    a.   Deputy sheriff Jason Mileczyk;

    b.   James Pryzbyla was involved in an altercation and arrested for disorderly conduct without making notification and was not sought for termination and he did not engage in protected activity.

    c.   Nicholas Adduci was involved in police contact and failed to make notification without making notification and was not sought for termination and he did not engage in protected activity.

    d.   Jason Dougherty was involved in police contact and failed to make notification without making notification and was not sought for termination and he did not engage in protected activity.

    e.   Jason Duggar was involved in police contact and failed to make notification without making notification and was not sought for termination a and he did not engage in protected activity.

78. Many other Deputy Sheriffs over the years have actually been arrested and/or had police contact, failed to make notification, and were not sought for termination who did not engage in the protected activities Plaintiff did.

79. Other Deputy Sheriffs who did not engage in the protected activity that Plaintiff did were

17

FILED DATE: 10/3/2022 8:52 AM    2022CH02349

not terminated and/or recommended for termination despite engaging in substantially similar alleged misconduct as that attributed to Plaintiff in the Sheriff's written charges against him at the Board and in the Board's decision against Plaintiff.

80. The true reason for Plaintiff's termination was his engaging in the protected activity set forth herein because the Defendants wanted rid its office of what it perceived as a troublesome, difficult employee with disabilities and who engaged in protected activity.

81. As a result of Defendant's prohibited retaliation, Plaintiff suffered damages, to include lost pay and benefits, job loss, mental distress and loss of enjoyment of life.

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, and enter and order the following affirmative and other make whole relief:

A. That Defendants reinstate Plaintiff to the same or substantially similar job title;

B. That Defendants make Plaintiff whole with back pay and benefits from February 10, 2022 through date of judgment, with prejudgment interest;

C. That Defendants award Plaintiff compensatory damages for mental distress in an amount to be decided by the jury up to and including $300,000;

D. That Defendants cease and be enjoined from engaging in retaliatory conduct in violation of the ADA;

E. That Defendants pay Plaintiff's reasonable attorneys' fees, costs, and litigation expenses pursuant the ADA; and,

F. Such other relief as this Court deems just and proper.

18

FILED DATE: 10/3/2022 8:52 AM  2022CH02349

## COUNT 4 – DISABILITY DISCRIMINATION UNDER THE IHRA
## (PLAINTIFF REQUESTS TO STAY THIS COUNT PENDING
## RECEIPT OF A RIGHT TO SUE LETTER)
(Plaintiff v. Defendants Dart and Board, individually and as joint employers)

82. Plaintiff restates and incorporates by reference Paragraphs 1 through 46 of this FAC as if fully realleged in this Count.

83. In order to prove disability discrimination under the IHRA, a plaintiff must show (1) that she is a member of a protected group, (2) that he performed his job satisfactorily, (3) that the employer took adverse action against Plaintiff despite the adequacy of Plaintiff's work, and (4) that a similarly-situated employee who is not a member of the protected group was not subjected to the same adverse action. *See, e.g.*, *Budzileni v. Department of Human Rights*, 392 Ill.App.3d 422, 444 (1st Dist. 2009).

84. At all times relevant, Plaintiff has been disabled within the meaning of the IHRA.

85. Plaintiff has at all times suffered from determinable physical characteristics resulting from a disease and functional disorder, to include, Type 1 diabetes, amputated toes, organ destruction, bodily numbness, and kidney failure.

86. Plaintiff has at all times been regarded as disabled within the meaning of the IHRA because Defendant has perceived him to suffer from determinable physical characteristics resulting from a disease and functional disorder, to include, Type 1 diabetes, amputated toes, organ destruction, bodily numbness, and kidney failure.

87. Plaintiff's physical impairments at all times have substantially limited his performance of one or more major life activities, to include eating normally, running, stooping, and driving.

88. Plaintiff has at all times met all of the experience, certification, training, and skill

19

requirements for the position he held prior to his termination, *to wit*, Deputy Sheriff within the Court Services Division of the Cook County Sheriff's Office ("CCSO").

89. The essential functions of the Deputy Sheriff position include scanning individuals entering courthouses at the line scanning machines, clearly communicating with members of the public in response to questions, directing pedestrian traffic in the courthouses, and providing security.

90. At all times, Plaintiff can perform all of the true essential and marginal job functions of the Deputy Sheriff position with or without a reasonable accommodation.

91. At all times, Plaintiff has been a qualified individual with a disability within the meaning of the IHRA.

92. At all times, Plaintiff has performed his job satisfactorily, including performing his job, coming to work, not being subject to legitimate discipline, and performing adequately all essential job functions.

93. The alleged 2007 arrest and failure to make notice of police contact at no time form part of the legitimate expectations of the employer because Plaintiff was never arrested and did not have to make notice of a non-arrest, and because other Deputy Sheriffs had been arrested and failed to make notice and were not sent for termination for same, including but not limited to:

    a.  Deputy sheriff Jason Mileczyk;

    b.  James Pryzbyla was involved in an altercation and arrested for disorderly conduct without making notification and was not sought for termination and he was not disabled or regarded as disabled;

    c.  Nicholas Adduci was involved in police contact and failed to make notification

FILED DATE: 10/3/2022 8:52 AM   2022CH02349

without making notification and was not sought for termination and he was not disabled or regarded as disabled;

     d.  Jason Dougherty was involved in police contact and failed to make notification without making notification and was not sought for termination and he was not disabled or regarded as disabled;

     e.  Jason Duggar was involved in police contact and failed to make notification without making notification and was not sought for termination and he was not disabled or regarded as disabled; and,

     f.  Many other Deputy Sheriffs over the years have actually been arrested and/or had police contact, failed to make notification, and were not sought for termination by the CCSO and none of same were disabled or regarded as disabled.

94. Defendants, individually and as joint employers, terminated Plaintiff on February 10, 2022, which is an adverse employment action, due to his disability and due to his being regarded as disabled.

95. Other, non-disabled Deputy Sheriffs were not terminated and/or recommended for termination despite engaging in substantially similar alleged misconduct as that attributed to Plaintiff in the Sheriff's written charges against him at the Board and in the Board's decision against Plaintiff.

96. The true reason for Plaintiff's termination was his being disabled and his being regarded as disabled because the Defendants wanted rid its office of what it perceived as a troublesome, difficult employee with disabilities and who engaged in protected activity.

97. As a result of Defendant's prohibited discrimination, Plaintiff suffered damages, to include lost pay and benefits, job loss, mental distress and loss of enjoyment of life.

21

FILED DATE: 10/3/2022 8:52 AM  2022CH02349

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, and enter and order the following affirmative and other make whole relief:

A. That Defendants reinstate Plaintiff to the same or substantially similar job title;

B. That Defendants make Plaintiff whole with back pay and benefits from February 10, 2022 through date of judgment, with prejudgment interest;

C. That Defendants award Plaintiff compensatory damages for mental distress in an amount to be decided by the jury up to five million dollars;

D. That Defendants cease and be enjoined from engaging in discriminatory conduct in violation of the IHRA;

E. That Defendants pay Plaintiff's reasonable attorneys' fees, costs, and litigation expenses pursuant to the IHRA; and,

F. Such other relief as this Court deems just and proper.

## COUNT 5 – RETALIATION UNDER THE IHRA (PLAINTIFF REQUESTS TO STAY THIS COUNT PENDING RECEIPT OF A RIGHT TO SUE LETTER)
(Plaintiff v. Defendants Dart and Board, individually and as joint employers)

98. Plaintiff restates and incorporates by reference Paragraphs 1 through 46 of this FAC as if fully realleged in this Count.

99. In order to prove retaliation under the IHRA, a plaintiff must show (1) that she was engaged in a protected activity, (2) that his employer committed an adverse action against her, and (3) a causal nexus exists between the protected activity and the adverse action. *See, e.g.*, *Hibberd v. Chief Legal Counsel, Illinois Department of Human Rights*, 2011 WL 10457933, *10 (3d Dist. 2011).

100.    At all times relevant, Plaintiff has engaged in protected activity under IHRA.

22

FILED DATE: 10/3/2022 8:52 AM  2022CH02349

101.    Prior to Plaintiff's termination, he engaged in the IHRA protected activity of requesting accommodations, pursuing grievances and arbitration relating to unjust discipline for his disabilities, and engaged in numerous conversations with CCSO Human Resources staff regarding his disabilities in the vein of invoking the ADA's protection of Plaintiff to the Sheriff.

102.    Defendants, individually and as joint employers, terminated Plaintiff on February 10, 2022, which is an adverse employment action, due to his protected activity.

103.    Defendants terminated Plaintiff because of his protected activity, which may be shown in part due to the fact that other similarly-situated Deputy Sheriffs who did not engage in the kind of protected activity that Plaintiff did were not sought for termination based on substantially similar allegations as Plaintiff, including but not limited to:

    a.  Deputy sheriff Jason Mileczyk;

    b.  James Pryzbyla was involved in an altercation and arrested for disorderly conduct without making notification and was not sought for termination and he did not engage in protected activity.

    c.  Nicholas Adduci was involved in police contact and failed to make notification without making notification and was not sought for termination and he did not engage in protected activity.

    d.  Jason Dougherty was involved in police contact and failed to make notification without making notification and was not sought for termination and he did not engage in protected activity.

    e.  Jason Duggar was involved in police contact and failed to make notification without making notification and was not sought for termination a and he did not engage in protected activity.

23

FILED DATE: 10/3/2022 8:52 AM   2022CH02349

104.     Many other Deputy Sheriffs over the years have actually been arrested and/or had police contact, failed to make notification, and were not sought for termination who did not engage in the protected activities Plaintiff did.

105.     Other Deputy Sheriffs who did not engage in the protected activity that Plaintiff did were not terminated and/or recommended for termination despite engaging in substantially similar alleged misconduct as that attributed to Plaintiff in the Sheriff's written charges against him at the Board and in the Board's decision against Plaintiff.

106.     The true reason for Plaintiff's termination was his engaging in the protected activity set forth herein because the Defendants wanted rid its office of what it perceived as a troublesome, difficult employee with disabilities and who engaged in protected activity.

107.     As a result of Defendant's prohibited retaliation, Plaintiff suffered damages, to include lost pay and benefits, job loss, mental distress and loss of enjoyment of life.

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, and enter and order the following affirmative and other make whole relief:

A. That Defendants reinstate Plaintiff to the same or substantially similar job title;

B. That Defendants make Plaintiff whole with back pay and benefits from February 10, 2022 through date of judgment, with prejudgment interest;

C. That Defendants award Plaintiff compensatory damages for mental distress in an amount to be decided by the jury up to and including five million dollars;

D. That Defendants cease and be enjoined from engaging in retaliatory conduct in violation of the IHRA;

E. That Defendants pay Plaintiff's reasonable attorneys' fees, costs, and litigation

24

expenses pursuant the IHRA; and,

    F.  Such other relief as this Court deems just and proper.

## COUNT 6: INDEMNIFICATION
### (Plaintiff v. Cook County)

108.    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all other paragraphs of this FAC with the same force and effect as if herein set forth.

109.    Illinois statute provides that a local public entity such as Defendant Cook County is obligated to assume financial responsibility for the actions committed by its officials or employees, such as Defendant Thomas J. Dart and the other Individual Defendants. *See* 745 ILCS §§ 10/1-202, 10/2-302, and 10/9-102.

WHEREFORE, Plaintiff respectfully requests that Defendant Cook County be directed to pay, indemnify, and assume financial responsibility for the actions and/or omissions committed by the other Defendants in all ways for harms caused alleged herein.

### JURY DEMANDED

Dated: October 3, 2022

Respectfully submitted,

**ANTHONY KOLASKI**

*/s/ Cass T. Casper*

By:_____

Plaintiff's Attorney

*Cass T. Casper, Esq.*
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
E: ccasper@dispartilaw.com

FILED DATE: 10/3/2022 8:52 AM 2022CH02349

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 3, 2022, he caused to be served the

foregoing First Amended Complaint on all counsel of record via this Court's Electronic Filing

Service Provider, Odyssey E-File, and that all such counsels are registered e-filers.

*/s/ Cass T. Casper*

By:_____

FILED DATE: 10/3/2022 8:52 AM    2022CH02349

26

FILED DATE: 10/3/2022 8:52 AM   2022CH02349

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

ANTHONY KOLASKI,

     Plaintiff,

v.

THOMAS J. DART in his official capacity as
Sheriff of Cook County, Illinois; THE COOK
COUNTY SHERIFF'S MERIT BOARD; and
COOK COUNTY, ILLINOIS, as indemnitor.

     Defendants.

Case Number 2022 CH 02349

The Hon. Judge Pamela M. Meyerson

Calendar 11

Ad Damnum: $6,000,000 + backpay and
benefits + interest + attorneys' fees

JURY DEMANDED

### ILLINOIS SUPREME COURT RULE 222 AFFIDAVIT OF DAMAGES

NOW COMES, CASS THOMAS CASPER, Affiant, and avers as follows under oath in

support of the damages in the Complaint in the above-captioned matter.

1. Under penalties as provided by law, and pursuant to Illinois Supreme Court

Rule 222, the undersigned Affiant, Cass Thomas Casper, hereby certifies that the damages

sought in the above-captioned cause, *Kolaski v. Dart, et al.*, are in excess of $50,000.

2. Further Affiant sayeth not.

*/s/ Cass T. Casper*

*Cass T. Casper, Esq.*
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
E: ccasper@dispartilaw.com

27

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 11

# EXHIBIT A

FILED
10/3/2022 8:52 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH02349
Calendar, 11
19727460

## COOK COUNTY SHERIFF'S MERIT BOARD

Sheriff of Cook County )

)

vs. )

)       Docket No. 2219

DEPUTY SHERIFF )
ANTHONY P. KOLASKI )
STAR #10609 )

## DECISION

This matter coming on to be heard pursuant to notice before Vincent T. Winters, Board Member, on October 19, 2021, the Merit Board conducted a hearing before Commissioner Vincent T. Winters. Both parties were represented by counsel and had a full and fair opportunity to present evidence. The Cook County Sheriff's Merit Board finds as follows:

### Jurisdiction

Anthony Kolaski, (Respondent) was appointed a Deputy Sheriff on December 21, 1994. That on December 11, 2006, Respondent was assigned to the Daley Center Courts, located at 50 W. Washington, Chicago, Illinois. Respondent's position as a Deputy Sheriff involves duties and responsibilities to the public; each member of the Cook County Sheriff's Merit Board, hereinafter Board, has been duly appointed to serve as a member of the Board pursuant to confirmation by the Cook County Board of Commissioners, State of Illinois, to sit for a stated term; the Board has jurisdiction of the subject matter of the parties in accordance with 55 ILCS 5/3-7001, *et seq*; and Respondent was served with a copy of the Complaint and notice of hearing and appeared before the Board with counsel to contest the charges contained in the Complaint.

### Background

The Sheriff (Petitioner) filed a Complaint on December 31, 2019, Petitioner seeking termination of Respondent. Petitioner alleged that Respondent was placed under arrest, photographed, and fingerprinted by the Norridge Police Department ("NPD") for the crime of leaving an accident on or about May 25, 2007. On or about August 25, 2017, the Illinois State Police ("ISP") alerted the Cook County Sheriff's Office, Office of Professional Review ("OPR") that there had been a significant change to Respondent's official record and forwarded a copy of the report.

After the case was continued from time to time, and discovery completed, it was called for a formal hearing on October 19, 2021. At the hearing, court reporter being present, all witnesses sworn under oath, testimony was taken from witnesses called by the Sheriff as well as testimony from the Respondent and witnesses called on her behalf. Documents were introduced by Petitioner and Respondent and received into evidence.

# EXHIBIT A

**Docket No. 2219**
**Deputy Sheriff**
**Anthony Kolaski**
**STAR # 10609**

**Issues Presented:**

The Respondent was charged with violations of the Rules and Regulations of the Cook County Department of Corrections, more specifically:
**CCCSD GENERAL ORDER 3401.1 (effective: March 15, 2001)**
**RULES OF CONDUCT**

**CCCSD GENERAL ORDER 1009 (effective: December 8, 1997)**
**STAFF RESPONSIBILITIES**

**SHERIFF'S ORDER 11.2.20.0 (effective: January 25, 2013)**
**RULES OF CONDUCT**

**SHERIFF'S ORDER 11.2.20.1 (effective: March 12, 2015)**
**CONDUCT POLICY**

**COOK COUNTY COURT SERVICES DEPARTMENT POLICY MANUAL**
**POLICY 321[1] (effective 10-1-15)**
**CONDUCT**

**COOK COUNTY COURT SERVICES DEPARTMENT IL POLICY MANUAL**
**POLICY 100[2] (effective 9-1-17)**
**CONDUCT**

**COOK COUNTY SHERIFF'S DEPARTMENT MERIT BOARD RULES AND**
**REGULATIONS**

　　　**Article X, Paragraph B**

---

[1] The Lexipol Conduct Policy for the Cook County Court Services Department was initially issued as Lexipol Policy 321 on August 26, 2015 and effective October 1, 2015. On September 1, 2017, the Lexipol Conduct Policy was reissued and renumbered as Lexipol Policy 100. On March 1, 2018, July 2, 2018, August 1, 2018, November 1, 2018, and December 3, 2018, the Lexipol Conduct Policy was reissued and renumbered in the Lexipol Cook County Court Services Department IL Policy Manual (released as recently as November 1, 2019) as Lexipol Policy 101.

[2] The Lexipol Conduct Policy for the Cook County Court Services Department was initially issued as Lexipol Policy 321 on August 26, 2015 and effective October 1, 2015. On September 1, 2017, the Lexipol Conduct Policy was reissued and renumbered as Lexipol Policy 100. On March 1, 2018, July 2, 2018, August 1, 2018, November 1, 2018, and December 3, 2018, the Lexipol Conduct Policy was reissued and renumbered in the Lexipol Cook County Court Services Department IL Policy Manual (released as recently as November 1, 2019) as Lexipol Policy 101.

# EXHIBIT A

**Docket No. 2219**
**Deputy Sheriff**
**Anthony Kolaski**
**STAR # 10609**

### Findings of Fact

Anthony Kolaski, Respondent testified, that he has been with the department for 24 years and that the incident stems from an accident that occurred at a Walgreens in 2006. (R. 27, 29). He testified that on May 25, 2007, his supervisor, Lieutenant Murunde, informed him that he needed to report to the NPD to be questioned about an allegation of leaving the scene of an accident. (R. 30).

Director Cameron Pon testified that he has been with the Cook County Sheriff's Police Department since 2004 and served as Director in OPR from 2014-2019. (R. 4, 5). Pons testified that he had direct involvement with the Respondent's OPR investigation, and that the Complaint focused on the fact that Respondent did not notify his chain of command or OPR that he was arrested by the NPD. (R. 5, 7). Pon's testified that once the investigation was started OPR reviewed records from the Illinois State Police, NPD, OPR Management inquires, the Circuit Court of Cook County inquiry, and internal database photograph of Respondent. (R. 7). Respondent was interviewed by OPR on February 2, 2018, and he was provided with all the required notification, rights, and paperwork. (R. 8, 9). Copies of the arrest record from the NPD were provided to the Respondent and his attorney prior to the interview. (R. 10). Documents and files from the NPD all related to the activities that occurred on May 27, 2017, when the Respondent was accused and arrested for leaving the scene of an accident with a Citation 625 ILCS 5.0/11-402(a). (R. 11). During his OPR interview, Respondent admitted that he was fingerprinted, photographed, given a ticket, as well as an I-Bond. (R. 12, 13). Although later in his interview he changed his story and said he did not recall if these things happened. During the interview Respondent claimed that he did not know he was arrested until OPR contacted him in February 2018, although he admitted that he had to go to court in Rolling Meadows for the matted, which was then dismissed. (R. 13, 14). Respondent testified that he can not recall if he was fingerprinted or photographed although he told OPR that he was. (R. 39, 40). The OPR interview was played, and it clearly states that Respondent admits that he was fingerprinted and photographed. (R. 48). Respondent also told OPR that he did sign out on an I-Bond but testified that he did not recall if he did. (R. 52). Respondent did testify that he never reported anything to the Sheriff's Office. (R. 45). Respondent has been with the Sheriff's office for over 24 years and testified that he did not know that he was arrested for a Misdemeanor and left the scene. (R. 47).

### Conclusion

Based on the evidence presented, and after assessing the credibility of witnesses and the weight given by the evidence in the record, the Board finds, by a preponderance of the evidence, that Respondent Anthony Kolaski did violate the Cook County Sheriff's Department Rules and Regulations, SHERIFF'S GENERAL ORDER 3401.1 RULES OF CONDUCT, GENERAL ORDER 1009 STAFF RESPONSIBILITIES, SHERIFF'S ORDER 11.2.20.0 RULES OF CONDUCT, SHERIFF'S ORDER 11.2.20.1 CONDUCT POLICY, COOK COUNTY COURT SERVICES DEPARTMENT POLICY MANUAL POLICY 321 CONDUCT, COOK COUNTY COURT SERVICES DEPARTMENT IL POLICY MANUAL POLICY 100 CONDUCT, AND

# EXHIBIT A

**Docket No. 2219**
**Deputy Sheriff**
**Anthony Kolaski**
**STAR # 10609**

COOK OCUNTY SHERIFF'S DEPARTMENT MERIT BOARD RULES AND
REGULATIONS, ARTICLE X, PARAGRAPH B.

Respondent admitted to OPR that he was fingerprinted, photographed, given a ticket, and
given an I-Bond. Later in the interview Respondent changed his story and said that he did not
remember if he was or not. When Respondent testified, he said the only reason that he admitted
to being fingerprinted, photographed, given a ticket, and given an I-Bond was because he saw it
on the arrest report. Respondent testified that he did not realize that he was arrested until OPR
questioned him and that is why he did not report this to his supervisors. The Board does not
believe the Respondent is credible.

### Order

Wherefore, based on the foregoing, it is hereby ordered that Respondent Anthony Kolaski
be terminated from the Cook County Sheriff's Office effective December 31, 2019.

4

# EXHIBIT A

**JOHN J. DALICANDRO,** Chairman
**BYRON BRAZIER,** Vice-Chairman
**VINCENT T. WINTERS,** Secretary
**KIMBERLY PATE GODDEN,** Board Member
**ELENI P. SIANIS,** Board Member
**TERRENCE J. WALSH,** Board Member



Telephone: 312-603-0170
Fax:   312-603-9865
Email:  Sherif.MeritBoard@ccsheriff.org

## COOK COUNTY
## SHERIFF'S MERIT BOARD
### 69 West Washington - Suite 1100
### Chicago, IL      60602

Anthony P. Kolaski
Deputy Sheriff
Docket No. 2219

This Decision is adopted and entered by a majority of the Members of the Merit Board:

John J. Dalicandro, Vincent T. Winters, Kimberly Pate Godden, Eleni P. Sianis and Terrence J. Walsh.


Not Present:   Byron Brazier


### DISSENT

The following Members of the Merit Board dissent from the Findings and Decision of the majority of the Board.

### [NONE]

DATED AT COUNTY OF COOK, STATE OF ILLINOIS, THIS 10th DAY OF FEBRUARY, 2022.

DocuSign Envelope ID: FEF48961-87FD-444B-A912-EF4DFA82A168

Hearing Date: No hearing scheduled

Location: <<CourtRoomNumber>>

Judge: Calendar, 11

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| | |
|---|---|
| Charge Presented to: | Agency(ies) Charge No(s): FILED |
| ___ FEPA <br> _X_ EEOC | 10/3/2022 8:52 AM <br> IRIS Y. MARTINEZ <br> CIRCUIT CLERK |
| | COOK COUNTY, IL |
| _____ and EEOC | 2022CH02349 |
| State or local Agency, if any | Calendar, 11 |

| Name (indicate Mr. Ms. Mrs.) <br> Anthony Kolaski | Phone (Incl. Area Code) <br> (708) 415-7790 | 19727460 | Date of Birth <br> 11/26/1968 |
|---|---|---|---|

Street Address      City, State and ZIP Code

c\o Counsel for Complainant, ATTY CASS CASPER, 121 W. Wacker Dr., Ste 2300 Chicago, Illinois 60601,Ph: 312-506-5511 ext. 331.

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency
(If more than two, list under PARTICULARS below.)

| Name <br> Cook County Sheriff's Office | No. Employees, Members <br> More than 15 | Phone No. (Include Area Code) <br> (312) 603-0170 |
|---|---|---|

Street Address      City, State and ZIP Code

50 West Washington Street, Suite 802 Chicago, Illinois 60602

| Name <br> Cook County, Illinois <br> Cook County Sheriff's Merit Board | No. Employees, Members <br> More than 15 <br> More than 15 | Phone No. (Include Area Code) |
|---|---|---|

Street Address      City, State and ZIP Code

121 North Clark Street Chicago, Illinois 60602

| DISCRIMINATION BASED ON (Check appropriate box(es).) <br> _ RACE _ COLOR __ SEX __ RELIGION __ NATIONAL ORIGIN <br><br> _X_ RETALIATION __ AGE _X_ DISABILITY X OTHER (Specify below.) <br><br> A) Hostile Work Env. | DATE(S) DISCRIMINATION TOOK PLACE <br> Earliest      Latest <br> Within 300 days |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)): **Today's date: 9-14-2022**

Complainant, Anthony Kolaski, was employed at all times relevant as a Deputy Sheriff with the Court Services Division of the Cook County Sheriff's Office, with his joint employer being Thomas J. Dart, Sheriff of Cook County and the County of Cook, Illinois, and the Cook County Sheriff's Merit Board which acted as an agent of Thomas J. Dart and a co-employer with it due to its coequal power to terminate Anthony. He has been at all times relevant a disabled male within the meaning of the Americans with Disabilities Act and the Illinois Human Rights Act with an actual physical impairment, he has been regarded as having a disability, and he has a record of physical impairment in that he is Type 1 Diabetes which is in the extreme, including Plaintiff having had amputated toes, organ destruction, bodily numbness, among other things, in addition to kidney failure leading to a transplant. Plaintiff's physical impairment substantially limited life activities, but he can perform all essential job functions of the Deputy Sheriff position. At all times, Defendants, through their agents and employees, have been aware of Plaintiff's disabilities through his FMLA, disability, and written and verbal conversations at least since 2014, if not earlier, at least because the Sheriff through agents has called paramedics on Plaintiff (without cause on occasion) regarding his condition. Notwithstanding his physical impairments, Complainant meets all the skill, experience, certification, and other requirements of the Deputy Sheriff position, and can perform all essential job functions with or without a reasonable accommodation of the Deputy Sheriff position, including providing scanning of visitors entering the Daley Center and other locations, answering questions from members of the public entering courthouses, radioing for breaks and assistance with scanning and other duties at the Daley Center and other courthouses points of access, and all other essential job functions of the Deputy Sheriff position. Plaintiff is a qualified individual under the ADA and the Illinois Human Rights Act. At all times, Plaintiff was subjected to disability discrimination against by Defendants, who subjected him to a sham and pretextual internal investigation at OPR, a termination proceeding, and termination with loss of job, pay and benefits, seniority, pension, and emotional distress. The internal investigation was based on unprecedented basis of an "arrest" that Kolaski was not even aware of because he did not know he was arrested from an interaction with police he had in May 2007 in which he was told by the Sheriff to take his police, he appeared in uniform, answered questions, and left without thinking he was arrested, and it related to a traffic ticket, which was later thrown out in Court. Anthony never heard anything about this until late 2017 when the Sheriff advised him the incident was being investigated by OPR, he was interviewed by OPR, sent for termination, and then terminated all over those old incident. At the time of 2017, Anthony had filed multiple grievances relating to his disability, and sought accommodations for his disability, sought legal advice and obtained an attorney to work with the sheriff's office to seek an accommodation and to prevent discrimination, engaged in a labor arbitration over his disability issues, and pursued legal action related to same, the consternation of the Sheriff. The Sheriff used the 2007 incident as a pretext to get rid of Anthony for engaging in protected activity under IHRA and the ADA, and because of his disabilities. Anthony believes his rights have been violated under the ADA and the IHRA on disability discrimination and retaliation grounds. He seeks all available relief, including back pay, reinstatement, compensatory damages for mental and other distress, attorneys' fees and all available relief. Similarly-situated officers, Deputies, Correctional Officers, Sergeants, and Lieutenants have not engaged in protected activity and/or who are not disabled have been arrested and not investigated for it, not disciplined, or at least not sought for termination and not actually terminated, including Bridgett Rollings, Jason Mileczyk, James Pryzbyla, Nicholas Adduci, Jason Dougherty, and many



9/15/2022

DocuSign Envelope ID: FEF48961-87FD-444B-A912-EF4DFA82A168

others, and many Deputies have been accused of being untruthful and not been sought for termination or not terminated, including the same and many others.

Prepared by Cass T. Casper, Complainant's Attorney

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.　　　　　9/15/2022 | NOTARY – *When necessary for State and Local Agency Requirements* |

DocuSign Envelope ID: 4E1823DE-A82D-43F5-8596-98009FE8DD5F

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 11

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| | ___ FEPA | 10/3/2022 8:52 AM |
| | _X_ EEOC | IRIS Y. MARTINEZ |
| | | CIRCUIT CLERK |
| | and EEOC | COOK COUNTY, IL |
| State or local Agency, if any | | 2022CH02349 |
| | | Calendar, 11 |

| Name (indicate Mr. Ms. Mrs.) Anthony Kolaski | Phone (Incl. Area Code) (708) 415-7790 19727460 | Date of Birth 11/26/1968 |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| c\o Counsel for Complainant, ATTY CASS CASPER, 121 W. Wacker Dr., Ste 2300 Chicago, Illinois 60601,Ph: 312-506-5511 ext. 331. | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency (If more than two, list under PARTICULARS below.)

| Name Cook County Sheriff's Merit Board | No. Employees, Members More than 15 | Phone No. (Include Area Code) (312) 603-0170 |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| 69 West Washington Street, Chicago, Illinois 60601 | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| _ RACE _ COLOR __ SEX __ RELIGION __ NATIONAL ORIGIN | Earliest          Latest |
| | Within 300 days |
| _X_ RETALIATION __ AGE _X_ DISABILITY _X_ OTHER (Specify below.) | |
| A)   Hostile Work Env. | |

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)): Today's date: 9-14-2022

Complainant, Anthony Kolaski, was employed at all times relevant as a Deputy Sheriff with the Court Services Division of the Cook County Sheriff's Office, with his joint employer being Thomas J. Dart, Sheriff of Cook County and the County of Cook, Illinois, and the Cook County Sheriff's Merit Board which acted as an agent of Thomas J. Dart and a co-employer with it due to its coequal power to terminate Complainant. He has been at all times relevant a disabled male within the meaning of the Americans with Disabilities Act and the Illinois Human Rights Act with an actual physical impairment, he has been regarded as having a disability, and he has a record of physical impairment in that he is Type 1 Diabetes which is in the extreme, including Plaintiff having had amputated toes, organ destruction, bodily numbness, among other things, in addition to kidney failure leading to a transplant. Plaintiff's physical impairment substantially limited life activities, but he can perform all essential job functions of the Deputy Sheriff position. At all times, Defendants, through their agents and employees, have been aware of Plaintiff's disabilities through his FMLA, disability, and written and verbal conversations at least since 2014, if not earlier, at least because the Sheriff through agents has called paramedics on Plaintiff (without cause on occasion) regarding his condition. Notwithstanding his physical impairments, Complainant meets all the skill, experience, certification, and other requirements of the Deputy Sheriff position, and can perform all essential job functions with or without a reasonable accommodation of the Deputy Sheriff position, including providing scanning of visitors entering the Daley Center and other locations, answering questions from members of the public entering courthouses, radioing for breaks and assistance with scanning and other duties at the Daley Center and other courthouses points of access, and all other essential job functions of the Deputy Sheriff position. Plaintiff is a qualified individual under the ADA and the Illinois Human Rights Act. At all times, Plaintiff was subjected to disability discrimination against by Defendants, who subjected him to a sham and pretextual internal investigation at OPR, a termination proceeding, and termination with loss of job, pay and benefits, seniority, pension, and emotional distress. The internal investigation was based on unprecedented basis of an "arrest" that Kolaski was not even aware of because he did not know he was arrested from an interaction with police he had in May 2007 in which he was told by the Sheriff to talk to these police, he appeared in uniform, answered questions, and left without thinking he was arrested, and it related to a traffic ticket, which was later thrown out in Court. Anthony never heard anything about this until late 2017 when the Sheriff advised him the incident was being investigated by OPR, he was interviewed by OPR, sent for termination, and then terminated all over those old incident. At the time of 2017, Anthony had filed multiple grievances relating to his disability, and sought accommodations for his disability, sought legal advice and obtained an attorney to work with the sheriff's office to seek an accommodation and to prevent discrimination, engaged in a labor arbitration over his disability issues, and pursued legal action related to same, the consternation of the Sheriff. The Sheriff used the 2007 incident as a pretext to get rid of Anthony for engaging in protected activity under IHRA and the ADA, and because of his disabilities. Anthony believes his rights have been violated under the ADA and IHRA on disability discrimination and retaliation grounds. He seeks all available relief, including back pay, reinstatement, compensatory damages for mental and other distress, attorneys' fees and all available relief. Similarly-situated officers, Deputies, Correctional Officers, Sergeants, and Lieutenants have not engaged in protected activity and/or who are not disabled have been arrested and not investigated for it, not disciplined, or at least not sought for termination and not actually terminated, including Bridgett Rollings, Jason Mileczyk, James Pryzbyla, Nicholas Adduci, Jason Dougherty, and many others, and many Deputies have been accused of being untruthful and not been sought for termination or not terminated, including the same and many others.

Prepared by Cass T. Casper, Complainant's Attorney

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|

_Anthony Kolaski_   9/14/2022

DocuSign Envelope ID: 4E1823DE-A82D-43F5-8596-98009FE8DD5F

| | |
|---|---|
| | |
| | |

FILED DATE: 10/3/2022 8:52 AM   2022CH02349

DocuSign Envelope ID: 57334E71-4DBA-473F-A894-9BB85C0D9F23

Hearing Date: No hearing scheduled

Location: <<CourtRoomNumber>>

Judge: Calendar, 11

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| ___ FEPA | FILED |
| _X_ EEOC | 10/3/2022 8:52 AM |
| | IRIS Y. MARTINEZ |
| | CIRCUIT CLERK |
| | COOK COUNTY, IL |
| | 2022CH02349 |

and EEOC

State or local Agency, if any

| Name (indicate Mr. Ms. Mrs.) | Phone (Incl. Area Code) Calendar, 11 | Date of Birth |
|---|---|---|
| Anthony Kolaski | (708) 415-7790  19727460 | 11/26/1968 |

Street Address                    City, State and ZIP Code
c\o Counsel for Complainant, ATTY CASS CASPER, 121 W. Wacker Dr., Ste 2300 Chicago, Illinois 60601,Ph: 312-506-5511 ext. 331.

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Thomas J. Dart, Sheriff of Cook County, Illinois | More than 15 | (312) 603-0170 |

Street Address                    City, State and ZIP Code

50 West Washington Street, Suite 802 Chicago, Illinois 60602

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Cook County, Illinois | More than 15 | |
| Cook County Sheriff's Merit Board | More than 15 | |

Street Address                    City, State and ZIP Code

121 North Clark Street Chicago, Illinois 60602

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| _ RACE _ COLOR __ SEX __ RELIGION __ NATIONAL ORIGIN | Earliest        Latest |
| | Within 300 days |
| _X_ RETALIATION __ AGE _X_ DISABILITY _X_ OTHER (Specify below.) | |
| A)  Hostile Work Env. | |

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)): **Today's date: 9-14-2022**

Complainant, Anthony Kolaski, was employed at all times relevant as a Deputy Sheriff with the Court Services Division of the Cook County Sheriff's Office, with his joint employer being Thomas J. Dart, Sheriff of Cook County and the County of Cook, Illinois, and the Cook County Sheriff's Merit Board which acted as an agent of Thomas J. Dart and a co-employer with it due to its coequal power to terminate Anthony. He has been at all times relevant a disabled male within the meaning of the Americans with Disabilities Act and the Illinois Human Rights Act with an actual physical impairment, he has been regarded as having a disability, and he has a record of physical impairment in that he is Type 1 Diabetes which is in the extreme, including Plaintiff having had amputated toes, organ destruction, bodily numbness, among other things, in addition to kidney failure leading to a transplant. Plaintiff's physical impairment substantially limited life activities of standing, walking, stooping, crouching, and reaching. At all times, Defendants, through their agents and employees, have been aware of Plaintiff's disabilities through his FMLA, disability, and written and verbal conversations at least since 2014, if not earlier, at least because the Sheriff through agents has called paramedics on Plaintiff (without cause on occasion) regarding his condition. Notwithstanding his physical impairments, Complainant meets all the skill, experience, certification, and other requirements of the Deputy Sheriff position, and can perform all essential job functions with or without a reasonable accommodation of the Deputy Sheriff position, including providing scanning of visitors entering the Daley Center and other locations, answering questions from members of the public entering courthouses, radioing for breaks and assistance with scanning and other duties at the Daley Center and other courthouses points of access, and all other essential job functions of the Deputy Sheriff position. Plaintiff is a qualified individual under the ADA and the Illinois Human Rights Act. At all times, Plaintiff was subjected to disability discrimination against by Defendants, who subjected him to a sham and pretextual internal investigation at OPR, a termination proceeding, and termination with loss of job, pay and benefits, seniority, pension, and emotional distress. The internal investigation was based on unprecedented basis of an "arrest" that Kolaski was not even aware of because he did not know he was arrested from an interaction he had in May 2007 in which he was told by the Sheriff to talk to these police, he appeared in uniform, answered questions, and left without thinking he was arrested, and it related to a traffic ticket, which was later thrown out in Court. Anthony never heard anything about this until late 2017 when the Sheriff advised him the incident was being investigated by OPR, he was interviewed by OPR, sent for termination, and then terminated all over those old incident. At the time of 2017, Anthony had filed multiple grievances relating to his disability, and sought accommodations for his disability, sought legal advice and obtained an attorney to work with the sheriff's office to seek an accommodation and to prevent discrimination, engaged in a labor arbitration over his disability issues, and pursued legal action related to same, the consternation of the Sheriff. The Sheriff used the 2007 incident as a pretext to get rid of Anthony for engaging in protected activity under IHRA and the ADA, and because of his disabilities. Anthony believes his rights have been violated under the ADA and IHRA on disability discrimination and retaliation grounds. He seeks all available relief, including back pay, reinstatement, compensatory damages for mental and other distress, attorneys' fees and all available relief. Similarly-situated officers, Deputies, Correctional Officers, Sergeants, and Lieutenants have not engaged in protected activity and/or who are not disabled have been arrested and not investigated for it, not disciplined, or at least not sought for termination and not actually terminated, including Bridgett Rollings, Jason Mileczyk, James Pryzbyla, Nicholas Adduci, Jason Dougherty, and many others, and many

DocuSign Envelope ID: 57334E71-4DBA-473F-A894-9BB85C0D9F23

Deputies have been accused of being untruthful and not been sought for termination or not terminated, including the same and many others.

Prepared by Cass T. Casper, Complainant's Attorney

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.   *Anthony Hd*   9/16/2022 | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
|  |  |

FILED DATE: 10/3/2022 8:52 AM   2022CH02349

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

ANTHONY KOLASKI             )
                                    )
     Plaintiff,             )
                                    )    Case No.:  2022 CH 02349
     v.                    )
                                    )    Judge Pamela McLean Meyerson
THOMAS J. DART in his official capacity as    )
Sheriff of Cook County, Illinois; THE COOK    )
COUNTY SHERIFF'S MERIT BOARD; and    )
COOK COUNTY, ILLINOIS, as indemnitor..,    )
                                    )
     Defendants.          )

## ORDER

This matter coming to be heard on September 28, 2022 at 9:30 a.m. on Plaintiff's Motion

for Leave to File First Amended Complaint and Plaintiff's Motion to Stay Administrative Review

Briefing, all parties being present through counsel remotely via ZOOM, and the Court being fully

advised in the premises, it is hereby ORDERED:

1.    Plaintiff's Motion for Leave to File First Amended Complaint is GRANTED;

2.    Plaintiff's Motion to Stay Administrative Review Briefing is GRANTED;

3.    This matter is set for status on November 4, 2022 at 10:15 a.m. via ZOOM
    (Meeting ID: 928 9663 2736; Passcode: 813107).

ENTERED:

_____
Judge Pamela McLean Meyerson

# EXHIBIT 2

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

ANTHONY KOLASKI,                          )
                                          )
    Plaintiff,                            )
                                          )
                                          )    Case No. 22-CH-02349
    v.                                    )
                                          )    Honorable Judge Pamela M. Meyerson
THOMAS J. DART, SHERIFF OF COOK           )
COUNTY, in his official capacity, THE     )    Calendar 11
COOK COUNTY SHERIFF'S MERIT               )
BOARD; and COUNTY OF COOK,                )
ILLINOIS, as indemnitor                   )
                                          )
    Defendants.                           )

## NOTICE OF REMOVAL TO FEDERAL COURT

Cass T. Casper                              Lyle K. Henretty
Disparti Law Group, P.A.                    Assistant State's Attorney
121 West Wacker Drive, Suite 2300           CCSAO
Chicago, Illinois 60601                     50 W. Washington, Suite 2760
ccasper@dispartilaw.com                     Chicago IL, 60602
                                            Lyle.Henretty@cookcountyil.gov

PLEASE TAKE NOTICE that on October 24, 2022, I caused the foregoing Notice of Removal to Federal Court to be electronically filed with the Circuit Court of Cook County, a copy of which has been served upon the individuals indicated above.

Dated: October 24, 2022                     Respectfully submitted,

                                            KIMBERLY M. FOXX
                                            State's Attorney of Cook County

                                    By:     /s/ Kathleen B. Coyle
                                            Kathleen B. Coyle
                                            Assistant State's Attorney
                                            500 Richard J. Daley Center
                                            Chicago, Illinois 60602
                                            (312) 603-5153
                                            kathleen.coyle@cookcountyil.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she caused the foregoing to be e-filed and served to the parties of record via Odyssey eFileIL on October 24, 2022.

Dated: October 24, 2022

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By:    */s/ Kathleen B. Coyle*
Kathleen B. Coyle
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5153
kathleen.coyle@cookcountyil.gov